[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2004
THOMAS K. KAHN
CLERK

No. 03-13408

D.C. Docket No. 02-00837-CV-T-17-MSS

ANTHONY W. BOST,
individually and on behalf
of others similarly situated,
RONALD CLAUSNITZER,
individually and on behalf
of others similarly situated, et al.,

Plaintiffs-Appellants,

versus

FEDERAL EXPRESS CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(June 8, 2004)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

The main issue in this appeal is whether an EEOC intake questionnaire and affidavit satisfy the requirements of an EEOC charge when these documents state that they are for "pre-charge filing counseling," the EEOC does not treat them as a charge, and the employee later files a timely charge. We conclude, in this circumstance, that the intake questionnaire and affidavit do not constitute an EEOC charge because these forms would not have suggested to a reasonable person that the employee who completed them had yet manifested an intent to activate the administrative process. Accordingly, we affirm the judgment entered against Anthony Bost whose complaint was premature, because it was filed after his intake questionnaire and affidavit but before his formal charge. We also affirm the judgment entered against the employees on all other issues raised in this appeal.

## I. BACKGROUND

The multiple categories of plaintiffs and their repeated forays into litigation complicate this appeal. The plaintiffs are numerous former and current employees of the defendant, some of whom filed formal EEOC charges and others who did not, and several of the employees were named plaintiffs to an earlier lawsuit that was dismissed and affirmed on appeal. To understand the issues in this appeal, a

brief overview of the categories of employees and the history of their earlier lawsuit and this litigation is necessary.

## A.  The Plaintiffs

Former and current employees of Federal Express Corporation (FedEx) sued FedEx and alleged violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. sections 621-634, and the Florida Civil Rights Act (FCRA), Fla. Stat. Ann. sections 760.01-760.11.  Their putative class action alleged that from late 1994 through the present, FedEx engaged in a pattern and practice of discrimination against older couriers.  Five of the named plaintiffs, Ronald Clausnitzer, Kathy Creamer, William Krollman, Gerald Freeman, and Vincent Maccia, were plaintiffs in an earlier case, Freeman, et al. v. Federal Express Corp., Civ, 99-2466-T-30B, that was dismissed by the district court and affirmed by this Court.  The plaintiffs in Freeman filed a total of seven charges of discrimination against FedEx, beginning on July 8, 1996, until April 15, 1998.  The EEOC dismissed all of the charges and issued right-to-sue letters between June 22, 1999, and September 15, 1999.

Five other named plaintiffs, Mary Anne Frost, Ervis Gregory, John Kuenning, Denny Majors, and Phyllis Nelson, did not file any charge with the EEOC.  These employees, among others, first filed an amended complaint in the

3

Freeman litigation while the dismissal of that suit was pending before this Court.

Anthony Bost also was among those who filed an amended complaint in Freeman while that case was on appeal, but Bost, unlike the others, filed an EEOC charge. Bost first filed an intake questionnaire and affidavit with the EEOC on December 18, 2001, and then filed a formal charge with the EEOC on June 5, 2002. In his responses to the intake questionnaire, Bost alleged that FedEx discriminated against him and other older couriers because of their age. Bost included his full name, address, and telephone number, as well as the name, address, and telephone number of FedEx. Bost signed the questionnaire on December 18, 2001. Bost attached a six-page affidavit alleging instances of discrimination and harassment. On the sixth page of the affidavit, Bost signed his name under oath in the presence of a notary. Bost filed a formal charge of discrimination a month after the filing of this putative class action. The EEOC issued Bost a notice of right to sue on August 28, 2002.

Four other current employees, James Natalina, Kenny Bosley, Stephen Costianes, and Curlie Chester, consented to join this suit as party plaintiffs after the filing of the complaint. Because they did not provide the district court with proof of filing EEOC charges, none of these plaintiffs presumably filed a charge with the EEOC.

### B. Procedural History

The <u>Freeman</u> plaintiffs first filed suit, <u>pro se</u>, against FedEx on October 26, 1999. The district court dismissed the complaint without prejudice on September 25, 2000, and instructed the plaintiffs to amend their complaint within 20 days or by October 23, 2000. The <u>Freeman</u> plaintiffs elected to file a notice of interlocutory appeal on October 24, 2000, and an amended notice of interlocutory appeal on November 13, 2000. On January 14, 2002, this Court concluded that the dismissal of the complaint was final because an amended complaint had not been filed within the required time. This Court also issued an order summarily affirming the dismissal of the <u>Freeman</u> suit. See <u>Freeman v. Federal Express Corp.</u>, 31 Fed. Appx. 929 (11th Cir. 2002). The district court then issued an administrative order on March 28, 2002, at the request of FedEx, explaining that its September 25, 2000, order of dismissal became final on October 23, 2000, because the <u>Freeman</u> plaintiffs did not file an amended complaint by that date. The district court concluded that all filings after October 23, 2000, including the amended complaint of Bost and others, were void.

On May 9, 2002, the plaintiffs in this appeal filed a complaint against FedEx and, as in <u>Freeman</u>, alleged violations of the ADEA and the FCRA. On July 29, 2002, FedEx filed a motion to dismiss with prejudice and attached a

5

declaration with nine exhibits to this motion.  The employees responded with two memoranda of law and numerous exhibits.  The district court granted the motion to dismiss on the grounds that the <u>Freeman</u> plaintiffs' complaints were barred by res judicata, and the Bost complaint was premature because it was filed before the EEOC charge.  The district court also dismissed the state law claims with prejudice as to all plaintiffs.  The employees filed a motion to alter or amend the judgment on March 4, 2002, and a supplemental motion to alter or amend on March 24, 2003.  The district court denied both motions on May 5, 2003.  The employees filed a third motion to alter or amend the May 2003 order, and the district court also denied that motion.  The employees now appeal.

## II.  STANDARD OF REVIEW

Although the district court granted a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), both FedEx and the employees filed numerous declarations and exhibits in the district court in support of their arguments.  Because the parties and the court relied on documents outside the pleadings, the district court was required to treat the motion to dismiss as a motion for summary judgment.  <u>See</u> Fed.R.Civ.P. 12(b); <u>Property Management & Investments, Inc. v. Lewis</u>, 752 F.2d 599, 604 (11th Cir. 1985) ("once the court decides to accept matters outside the pleading, it must convert the motion to

6

dismiss into one for summary judgment").

We review an order granting summary judgment de novo, applying the same standards as the district court.  See Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1357 (11th Cir. 1999).  Summary judgment is only appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c); see Celotex Corp v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  A genuine issue of material fact exists "if the jury could return a verdict for the non-moving party." Damon, 196 F.3d at 1358 (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc)).   In examining the record, we view the evidence in the light most favorable to the non-moving party.  See id. at 1358.

We review for abuse of discretion the denial of the employees' motion to alter or amend the judgment, which pertained to the dismissal with prejudice of the claims brought under state law.  See Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Futures Trading Comm'n v. Am. Commodities Group, 753 F.2d 862, 866 (11th Cir. 1984); McCarthy v. Mason, 714 F.2d 234, 237 (2d Cir. 1983); Weems v. McCloud, 619 F.2d 1081, 1098 (5th Cir. 1980)).

7

### III.  DISCUSSION

Our main focus is on the plaintiffs' claims under the ADEA.  The named plaintiffs are divided into two separate categories regarding their ADEA claims: (1) those who base their claims on a charge filed by Bost (the Bost plaintiffs); and (2) those who base their claims on charges filed by the plaintiffs in the Freeman litigation (the Freeman plaintiffs).  We first address the ADEA claims of the Bost plaintiffs, and we next address the ADEA claims of the Freeman plaintiffs.  Finally, we address the plaintiffs' state law claims.

#### A.  ADEA Claims

The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit.  See 29 U.S.C. § 626(d)(2); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002).  For a charge to be timely in Florida, a deferral state, it must be filed not more than 300 days after the alleged unlawful employment practice occurred.  See id.; Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1263 (11th Cir. 2001).   The employee must then wait at least 60 days before filing a civil action.  See Grayson v. K Mart Corp., 79 F.3d 1086, 1100 (11th Cir. 1996) (an employee may sue before the EEOC issues a right-to-sue letter under the ADEA); see also 29 U.S.C. § 626(d).  If the EEOC issues the

8

employee a right-to-sue letter, the employee must file a complaint within 90 days of the receipt of the right-to-sue letter. See Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000).

Besides being timely, charges of age discrimination must, at a minimum, "be in writing and . . . name the prospective respondent and . . . generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6. A charge "should contain" certain other information, including the full name, address, and telephone number of the charging party, full name and address of the employer, a clear and concise statement of the alleged unlawful discrimination including pertinent dates, and the approximate number of employees. See 29 C.F.R. § 1226.8(a)(1)-(5). Even if a charge does not contain the suggested information, however, the EEOC considers the charge sufficient when the EEOC receives from the charging party "a written statement or information reduced to writing . . . that conforms to the requirements of § 1626.6." 29 C.F.R. § 1626.8(b); Clark v. Coats & Clark, Inc., 865 F.2d 1237, 1240-41 (11th Cir. 1989). A charge may be amended to cure technical defects, to clarify or amplify allegations, or to allege additional unlawful acts. See 29 C.F.R. § 1626(c).

The filing of a charge of discrimination with the EEOC initiates "an integrated, multi-step enforcement procedure" that enables the EEOC to detect and

9

remedy various discriminatory employment practices. E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 62, 104 S. Ct. 1621, 1627 (1984). This process includes the following steps: (1) prompt notice from the EEOC to the employer that a charge has been filed; and (2) investigation of the charge by the EEOC. See Shell Oil Co., 466 U.S. at 63, 104 S. Ct. at 1628. The EEOC assumes the burden of "promptly notify[ing] the respondent that a charge has been filed." 29 C.F.R. § 1626.11.

Ordinarily every employee who intends to sue for age discrimination must first file an administrative charge of discrimination with the EEOC. Under the "piggybacking rule," a putative plaintiff who has not filed an EEOC charge, however, may rely upon the claim of a plaintiff who has filed a timely charge. See Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001); Grayson, 79 F.3d at 1101; Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450 (11th Cir. 1993). The piggybacking rule applies to ADEA cases. See Grayson, 79 F.3d at 1101. A plaintiff may piggyback on another plaintiff's charge provided "(1) the relied upon charge is not invalid, and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame." Id. at 1101-02 (quoting Calloway, 986 F.2d at 450).

1. The Bost Plaintiffs

Bost and eight non-filing employees, Clausnitzer, Freeman, Kuenning, Majors, Natalina, Bosley, Costianes, and Chester, base their ADEA claims on an EEOC charge filed by Bost. The Bost plaintiffs either are current employees, as is Bost, or were terminated after the filing of Bost's charge of discrimination. If Bost's charge of discrimination was premature, the other plaintiffs cannot piggyback on his charge.

The district court dismissed the ADEA claims of the Bost plaintiffs as premature because the suit was filed on May 9, 2002, nearly a month before Bost filed his formal EEOC charge on June 5, 2002. The Bost plaintiffs contend that Bost's EEOC charge was filed on December 18, 2001, when Bost filed an intake questionnaire and affidavit. The Bost plaintiffs argue that Bost's charge was not premature because he filed the intake questionnaire and affidavit five months before the commencement of this suit.

In evaluating the argument of the Bost plaintiffs, we are guided by three of our precedents. This Court first considered whether an intake questionnaire constitutes an EEOC charge in Clark v. Coats & Clark, Inc., 865 F.2d 1237 (11th Cir. 1989). In Clark, the plaintiff contacted the EEOC after his termination and inquired about the appropriate procedures for filing a charge of discrimination. Id.

11

at 1239. The EEOC sent Clark an intake questionnaire that he completed and returned 152 days after his termination. Id. After receiving the questionnaire, the EEOC sent a notice of a charge of discrimination to his employer. Id. Clark then signed a formal charge prepared by the EEOC 202 days after his termination. Id. at 1239-40. The employer argued that because the formal charge was not filed within the required 180 days, Clark's claims were barred. Id. at 1240. Clark argued, however, that his intake questionnaire satisfied the filing requirement of 29 U.S.C. § 626(d)(1). Id.

This Court agreed with Clark and held that his informal intake questionnaire "fulfilled all of the objectives desired by Congress" because it was "in writing and described the action which Clark believed to be discriminatory." Id. at 1241. This Court concluded that the EEOC treated Clark's intake questionnaire as a charge. The EEOC notified the defendant of the alleged discrimination after receipt of the intake questionnaire, but before completion of the formal charge. Id. at 1240-41.

This Court next addressed whether an intake questionnaire served as a charge in Pijnenburg v. West Georgia Health Systems, Inc., 255 F.3d 1304 (11th Cir. 2001). Pijnenburg sued her employer for sex discrimination and retaliation. Id. at 1305. She completed an "Interview Questions for Employment Discrimination" form and filed it with the EEOC within 180 days of the alleged

discrimination. Id. The form was not sworn. Id.

This Court held that "as a general matter an intake questionnaire is not intended to function as a charge" for purposes of the statute of limitations, and this Court concluded that Pijnenburg's questionnaire was not an exception to that general rule. Id. at 1307. This Court reasoned that, unlike the filing of the questionnaire, a charge, in addition to triggering the running of the statute of limitations, serves the following two functions: (1) notification to the employer that a discrimination charge has been filed with the EEOC; and (2) initiation of the EEOC investigation of the complaint. Id. at 1306. The Pijnenburg court concluded that the filing of Pijnenburg's intake questionnaire did not satisfy either of these two functions, and the treatment of her questionnaire as a charge would have thwarted these two objectives. Id.

Most recently, this Court held that a verified intake questionnaire that included the basic information suggested by the EEOC may constitute a charge for purposes of the statute of limitations "when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process." Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1321 (11th Cir. 2001). Those exceptional circumstances were present in that appeal. This Court cautioned, however, that it would "not treat intake

13

questionnaires willy-nilly as charges." Id. at 1320.

In holding that the intake questionnaire satisfied the requirements of an EEOC charge, the Wilkerson Court considered the following three factors: (1) the communication between the plaintiff and the EEOC; (2) the EEOC intake questionnaire form itself; and (3) the response by the EEOC to the completed questionnaire. Id. at 1320-21. As to the first factor, Wilkerson contacted the EEOC multiple times regarding her charge, and she received misleading information from the EEOC. Id. at 1320. Second, the questionnaire form itself stated that it could be a charge. Id. at 1320-21. Finally, after some prodding by the plaintiff, the EEOC treated her questionnaire as a charge and issued a belated notice of the charge to her employer. Id. at 1321. In those exceptional circumstances, we held that Wilkerson's intake questionnaire satisfied the requirements of a charge, which allowed Wilkerson to proceed with her complaint. Id.

The facts of this case differ significantly from these earlier cases. Unlike in Clark, the EEOC did not treat Bost's intake questionnaire as a charge of discrimination. There is no evidence in the record that the EEOC did anything in response to Bost's intake questionnaire and affidavit. The EEOC did not send a notice of a charge to FedEx, as it did in Clark. Instead, the EEOC sent notice of a

14

charge of discrimination only after Bost filed his formal charge in June 2002. The record reveals no evidence that the EEOC considered the questionnaire to be a charge of discrimination.

This case lacks the exceptional circumstances relied on by the <u>Wilkerson</u> Court in concluding that the intake questionnaire in that case was a charge. There is no evidence that Bost manifested an intent to activate the administrative process by filing his intake questionnaire with the EEOC, as <u>Wilkerson</u> required. The undisputed evidence instead shows the opposite; Bost clearly understood that the intake questionnaire was not a charge because he later filed a timely charge. If Bost believed that he had filed a charge of discrimination when he filed the intake questionnaire, he would not have filed an additional timely charge of discrimination. Bost's conduct shows that he did not intend to activate the administrative process until he filed his formal charge of discrimination.

Unlike the series of statements made by the EEOC to the plaintiff in <u>Wilkerson</u>, there is no evidence of any misleading communication between Bost and the EEOC. Bost has not alleged that he contacted the EEOC to inquire about his alleged charge nor that the EEOC instructed him in any way about his intake questionnaire. The EEOC notified FedEx of Bost's charge and then issued Bost a right-to-sue letter only after Bost filed his formal charge.

Finally, the questionnaire form itself did not suggest that it was a charge. The Privacy Act Statement at the end of the intake questionnaire instead stated that the questionnaire was not the equivalent of a charge of discrimination. The Privacy Statement described the form as a means to decide whether the EEOC has jurisdiction over "potential charges" and to provide "pre-charge filing counseling." These descriptions suggest to a reasonable reader that the questionnaire was not a charge.

Thus, Bost's intake questionnaire did not satisfy the requirements of a charge of discrimination. We reiterate that "an intake questionnaire is not intended to function as a charge." Pijnenburg, 255 F.3d at 1307. This Court will "not treat intake questionnaires willy-nilly as charges." Wilkerson, 270 F.3d at 1320.

Bost should have waited the required 60 days after he filed his formal charge of discrimination to file his lawsuit. He also could have filed suit within 90 days of receiving his notice of a right to sue from the EEOC. Instead, Bost filed his lawsuit before either of these events and impermissibly bypassed the administrative process. As a result, the ADEA claims of the Bost plaintiffs fail.

## 2. The Freeman Plaintiffs

Six of the employees – Creamer, Frost, Gregory, Krollman, Maccia, and

Nelson – base their ADEA claims on the EEOC charges from the Freeman suit. The Freeman plaintiffs were employed by FedEx when the named plaintiffs in Freeman filed their charges of discrimination. If the charges of the named plaintiffs in Freeman were untimely, these plaintiffs would not be entitled to piggyback on the charges.

The district court concluded that the Freeman plaintiffs waited too long after the dismissal of Freeman to file a new action based on those charges. The Freeman plaintiffs maintain, however, that the statute of limitations for filing the current action was tolled until March 28, 2002, the date they contend that the Freeman litigation ended, and this action was filed on May 9, 2002, less than 90 days later.

The EEOC issued the last right-to-sue letter to any of the plaintiffs in Freeman on September 15, 1999. On September 25, 2000, the district court dismissed Freeman without prejudice and instructed the plaintiffs to amend their complaint by October 23, 2000. They instead elected to appeal the dismissal and order to amend. The involuntary dismissal without prejudice thus became an adjudication on the merits when the time to amend expired on October 23, 2000. See Robinson v. Fed. Nat'l Mortgage Ass'n, 673 F.2d 1247, 1249 (11th Cir. 1982). We affirmed the judgment, and the Freeman complaint was never properly

17

amended. On March 28, 2002, at the urging of FedEx, the district court issued an administrative order confirming that the dismissal without prejudice from September 2000 had become an adjudication on the merits in October 2000.

Under the ADEA, an employee has 90 days after obtaining a right-to-sue letter to file an action. See Santini, 232 F.3d at 825. Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations. See Stein v. Reynold Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982). That period elapsed before the Freeman plaintiffs filed their new complaint.

The Freeman plaintiffs contend that the running of the 90-day period for filing an action should be tolled until March 28, 2002. We disagree. All claims in Freeman were resolved on October 23, 2000, when the time to amend expired. The statute of limitations began to run then. This action, however, was not filed until May 9, 2002, 604 days later.

Although a court may equitably toll a limitations period, the plaintiffs must establish that tolling is warranted. See Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993). Equitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence. See id. Equitable tolling "is an extraordinary remedy which should be extended only sparingly." Id. The Freeman plaintiffs fail to explain why they did not file an amended complaint in

18

Freeman, as the district court directed, nor have they explained why we should apply the doctrine of equitable tolling to revive their complaint. The claims of the Freeman plaintiffs, therefore, fail.

## B. State Claims

All of the employees contend that the district court erred by dismissing their state law claims with prejudice. They argue that the statute of limitations for the state claims should have been tolled, preventing dismissal. They also argue that the court should have dismissed the state claims without prejudice if the court believed those claims were not properly before it.

The employees failed to raise this argument before the district court either in their two responses to the motion to dismiss or in their Rule 59 post-judgment motion to alter or amend the ruling of the district court. They first challenged the dismissal of the state claims in a supplemental motion to alter or amend judgment. The court then refused to alter or amend its judgment based on an argument that could have been presented earlier but was not. See Am. Home Assurance Co., 763 F.2d at 1238-39. "There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments . . .; if accepted, the latter essentially affords a litigant 'two bites at the apple.'" Id. at 1239. The district court properly exercised

19

its discretion by declining to alter or amend its judgment based on the employees' new contention regarding the state claims.

## IV. CONCLUSION

Bost's intake questionnaire was not a charge of discrimination because Bost did not manifest an intent to activate the administrative process until he filed a formal charge. Bost's complaint, which preceded his formal charge, was premature. The ADEA claims of Bost, Clausnitzer, Freeman, Kuenning, Majors, Natalina, Bosley, Costianes, and Chester, therefore, fail. The ADEA claims brought by those employees who relied on the charges from Freeman – Creamer, Frost, Gregory, Krollman, Maccia, and Nelson – also fail because the statute of limitations had expired. The Freeman plaintiffs filed their complaint 604 days after the statute of limitations of 90 days began to run. Finally, the district court did not abuse its discretion by declining to consider a new argument first made in the plaintiffs' motion to alter or amend its judgment dismissing the plaintiffs' state law claims with prejudice.

The judgment of the district court is **AFFIRMED**.