[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 30, 2006
THOMAS K. KAHN
CLERK

No. 05-14243
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 03-01469-CV-2-P-S

SANDRA J. GARDNER,

Plaintiff-Appellant,

versus

JIM NICHOLSON,
Secretary, Department of Veterans Affairs,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------
**(May 30, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Sandra J. Gardner, an African-American woman proceeding pro se, appeals the district court's grant of summary judgment, on the basis of res judicata and untimeliness, in her employment discrimination case, brought under Title VII, 42 U.S.C. § 2000e.  No reversible error has been shown; we affirm.

In this case, Gardner filed a complaint in June 2003 against then-Secretary of the Department of Veterans Affairs, Anthony J. Principi, as the representative of her former employer, the Birmingham Veterans Affairs Medical Center ("BVAMC").  Gardner alleged employment discrimination and retaliation based on age, "presumed" disability, and race, starting when she filed her first Equal Employment Opportunity Commission ("EEOC") complaint in August 1999 and continuing until her employment ended in February 2001.

Gardner was a plaintiff in a previous class-action suit, Hampton, et al. v. Secretary, Department of Veterans Affairs ("Hampton"), filed in district court[1] by Gardner and 14 other African-American persons, alleging violations of Title VII based on retaliation and on race and gender discrimination.  The Hampton amended complaint alleged that Gardner, specifically, was discriminated against between October 2000 and March 2001.  The district court in Hampton granted the

---

[1]This case initially was filed in the District Court for the District of Columbia, but was transferred to the District Court for the Northern District of Alabama.

Secretary's motion for summary judgment based on Fed.R.Civ.P. 36(b), because Gardner and the other plaintiff-employees, who were represented by counsel, had failed to respond to the Secretary's discovery requests and requests for admissions. The district court opined that the plaintiffs, thus, were deemed to have admitted the Secretary's facts. The district court also noted that one of the plaintiffs committed a fraud on the court by forging a judge's signature on an order. This Court affirmed the summary judgment decision based on the defaulted admissions and on the attempted fraud on the court.

While Hampton was pending in district court, Gardner also was the plaintiff in an EEO proceeding, Gardner v. Principi ("Principi"). The administrative law judge ("ALJ") in Principi split some of Gardner's EEO claims because these same claims were pending in Hampton. On the remaining claims, the ALJ determined that Gardner had provided enough evidence to prove that she was subjected to unlawful retaliation from June to October 2000, but that Gardner had not shown harassment based on sex or disability. The ALJ noted that, based on Gardner's four EEO complaints, the complained-of harassment took place from late 1999 until 2001. The ALJ ordered the Secretary to pay $20,000 in damages. In June 2002, the VA issued a final order adopting the ALJ's decision and informing Gardner that she could appeal to the EEOC within 30 days, or that she could file a

civil action in the district court within 90 days. In February 2003, the EEOC dismissed Gardner's appeal as untimely.

In this case, the Secretary moved for summary judgment based on res judicata and untimeliness. The district court initially denied this motion and allowed Gardner to provide a more detailed description of her claims and an explanation why she had not raised the claims in either Hampton or Principi. After receiving Gardner's response, the district court granted the Secretary's renewed motion for summary judgment. Gardner now appeals.

We review a district court's grant of summary judgment de novo, viewing the facts--as supported by the evidence in the record--and reasonable inferences from those facts in the light most favorable to the nonmoving party. Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004). Summary judgment is proper where no genuine issue of material fact exists. Id. We also review de novo a district court's determination of res judicata or collateral estoppel. E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004), cert. denied, 126 S.Ct. 42 (2005).

A claim will be barred by prior litigation if (1) a final judgment was rendered on the merits; (2) a court of competent jurisdiction made the decision; (3) the parties, or those in privity with them, are identical in both suits; and (4) the

4

same cause of action is involved in both cases. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

The district court correctly determined that the Principi decision, even though an administrative determination, had res judicata effect. See United States v. Utah Constr. & Mining Co., 86 S.Ct. 1545, 1560 (1966) (writing that res judicata may apply to administrative agency determinations when agency "is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate"). The VA issued a final order adopting the ALJ's decision on the merits: we reject Gardner's contention that the ALJ's decision was "interlocutory." The parties are the same. Gardner has attempted to raise claims identical to those raised in Principi. The allegations in both suits involve overlapping times. Both suits alleged reprisal for earlier EEO activity; both suits raised claims of mistreatment by BVAMC management. Gardner's claims, thus, arose out of the same nucleus of operative facts. And, Gardner had a full and fair chance to litigate these issues in the administrative proceeding.

To the extent that Gardner was attempting to seek review of the Principi decision in district court, her complaint properly was dismissed as untimely. Gardner filed her complaint nearly one year after the final agency decision; and

5

she has not shown that she is entitled to equitable tolling of the 90-day limitation period. See 29 C.F.R. § 1614.407 (requiring EEOC claimant to file Title VII discrimination action in district court within 90 days of final agency decision); Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir.), cert. denied, 125 S.Ct. 656 (2004) (stating that equitable tolling is "extraordinary remedy").

And the district court did not err in determining that the Hampton decision, also, should be accorded res judicata effect. The parties are the same. The claims in both suits involve overlapping times and similar allegations of harassment, discrimination, and reprisal. Gardner's claims arose out of the same nucleus of operative fact and relied on the same factual predicate.

Gardner argues that Hampton resulted in a default judgment that should not be accorded res judicata effect. But Gardner substantially participated in the Hampton litigation, she was counseled, and she had a fair opportunity to litigate her claims, but she chose not to do so. Summary judgment was granted on the deemed admissions of the parties and on the fraudulent acts of one of the plaintiffs. See In re Bush, 62 F.3d 1319, 1324 (11th Cir. 1995) (giving preclusive effect to default judgment against bankruptcy debtor as sanction for fraud, where debtor actively participated in litigation, was counseled, but later engaged in deliberately obstructive conduct). Hampton, thus, was decided on the merits.

6

In sum, based on the decisions reached in <u>Principi</u> and in <u>Hampton</u>,

Gardner's claims in this case are barred by <u>res judicata</u>.[2]  The district court

properly granted summary judgment.

AFFIRMED.

---

[2] We reject Gardner's argument that the Secretary waived the defense of <u>res judicata</u> by agreeing to split the claims between <u>Hampton</u> and <u>Principi</u>.  The Secretary raised this defense at his first opportunity in the district court.