[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2007
THOMAS K. KAHN
CLERK

No. 06-13261
Non-Argument Calendar
_____

D. C. Docket No. 04-00197-CV-W-N

GEORGE E. RIZO,

Plaintiff-Appellant,

versus

STATE OF ALABAMA DEPARTMENT
OF HUMAN RESOURCES,

Defendant,

CIBER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 31, 2007)

Before BLACK, CARNES and MARCUS, Circuit Judges

PER CURIAM:

George Rizo, an Hispanic male over the age of 40 who has a congenital foot disorder, was employed by CIBER, Inc., and worked as a technical writer on a project for the State of Alabama Department of Human Resources, which was CIBER's client. After his employment was terminated, Rizo filed a pro se lawsuit against CIBER and the State of Alabama. He ultimately claimed violations of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101-12117, of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. He appeals the district court's judgment dismissing the State of Alabama under the Eleventh Amendment and granting summary judgment to CIBER.[1]

Rizo contends that the district court erred by denying his motions to appoint counsel, by dismissing his claims against the State of Alabama, and by granting summary judgment to CIBER.

I.

As to the failure to appoint counsel for him, Rizo failed to file with the district court objections to the magistrate's non-final orders on this subject, which

---

[1] In addition to the claims mentioned in the text, Rizo also included a claim against CIBER under Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. 2000d, et seq. In order to be potentially liable under Title VI, a party must receive federal financial assistance. Rizo has not made any argument on appeal that CIBER receives federal financial assistance, and we consider any issues relating to that claim to have been abandoned. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that a legal claim or argument that has not been briefed is deemed abandoned).

amounts to a waiver of his right to appeal them. See Fed.R.Civ.P. 72(a); Maynard v. Board of Regents of Div. of Univ., 342 F.3d 1281, 1286 (11th Cir. 2003).

Even if he had not waived the issue, Rizo would not prevail on it. We review the denial of a motion to appoint counsel only for an abuse of discretion. United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004). A plaintiff in a civil case does not have a constitutional right to counsel, and the court should appoint counsel only in exceptional circumstances. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The fact that a plaintiff would be helped by counsel is not sufficient to require appointment. See id. ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel."). In Bass, we determined that exceptional circumstances did not exist because the core facts of the case were not in dispute and the legal claims were straightforward. Because the same is true here, there was no abuse of discretion.

II.

We review de novo the district court's grant of the State of Alabama's motion to dismiss, Popowski v. Parrot, 461 F.3d 1367, 1372 (11th Cir. 2006), and are mindful that a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in

3

support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The 11th Amendment guarantees that nonconsenting states cannot be sued for money damages by private individuals in federal court. Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001). Although Congress may abrogate the states' immunity in certain situations, it has not done so with regard to suits for monetary damages by private individuals pursuant to Title I of the ADA, which is the statute Rizo claims the State violated. Id. at 360, 121 S.Ct. at 960. It is clear that "the mere receipt of federal funds cannot establish that a state has consented to suit." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 246-47, 105 S.Ct. 3142, 3149, 87 L.Ed.2d 171 (1985). Rizo's claim against the State of Alabama sought only monetary damages. The State has not consented to the lawsuit, and Congress has not abrogated its immunity in such suits. Therefore, the district court acted properly in dismissing the State.

## III.

We review de novo the district court's grant of summary judgment to CIBER, using the same legal standards applicable in the district court. Corwin v. Walt Disney Co., 468 F.3d 1329, 1339 (11th Cir. 2006). Summary judgment is

4

proper under Fed.R.Civ.P. 56(c) when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To survive a motion for summary judgment, the nonmoving party must show that there is a genuine issue of fact for trial. Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1231 (11th Cir. 2006). We view "the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." United States v. Board of Regents for Georgia, 468 F.3d 755, 759 (11th Cir. 2006).

Under Title VII, it is unlawful for an employer to discriminate against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2003-2. The ADA prohibits an employer from discriminating against a qualified individual on the basis of a disability. 42 U.S.C. § 12112. The ADEA prohibits an employer from discriminating on the basis of age. 29 U.S.C. § 623(a). This Court applies the law developed in Title VII, ADEA, and ADA cases interchangeably. See Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001) ("Moreover, we typically apply legal standards developed in Title VII and ADEA cases interchangeably."); see also Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs

5

must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964.").

In order to litigate a claim for discrimination under Title VII, the ADA, or the ADEA a plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). In a non-deferral state, such as Alabama, a plaintiff must file an employment discrimination charge with the EEOC within 180 days after the date of the alleged discrimination. 29 C.F.R. § 1626.7(a), Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208, 1241 n. 2, 1220 (11th Cir. 2001). Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge. Alexander v. Fulton County, GA, 207 F.3d 1303, 1332 (11th Cir. 2000).

Under Title VII and the ADA, a charge must be "in writing under oath or affirmation" and "contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e-5(b); 42 U.S.C. § 12117(a). The EEOC requires that a charge be "in writing and signed and . . . verified." 29 C.F.R. § 1601.9. A charge is verified when it is made under oath or affirmation. See Vason v. City of Montgomery, Ala., 240 F.3d 905, 907 (11th Cir. 2001). The verification requirement is mandatory. Id.

6

Under the ADEA, a charge must be in writing, name the prospective respondents, and allege the discriminatory act. 29 C.F.R. § 1626.6. Although 29 C.F.R. § 1626.8(a) lists additional information that should be included, "the EEOC considers a charge sufficient when the EEOC receives from the charging party 'a written statement or information reduced to writing . . . that conforms to the requirements of § 1626.6.'" Bost v. Federal Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004) (quoting 29 C.F.R. § 1626.8(b)").

In some cases, we have deemed the EEOC's intake questionnaire to be tantamount to a charge for the purposes of timely filing. See Wilkerson, 270 F.3d at 1321. In those cases, we have considered a number of factors, including what the questionnaire form says and how the EEOC responded to it. Id. at 1320. At a minimum, however, an intake questionnaire must meet the requirements for a validly filed charge in order to be considered a charge for timeliness purposes. Pijnenburg v. West Georgia Health System, Inc., 255 F.3d 1304, 1307 (11th Cir. 2001).

Generally, the plaintiff must allege in the complaint filed in his lawsuit that he has met the prerequisites or a valid and timely-filed EEOC charge. Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982). If the defendant denies that the plaintiff had met those requirements, the burden of proof

7

is on the plaintiff to prove that he has.  Id.

Here, the undisputed record shows that Rizo did not file a valid charge with the EEOC against CIBER until April 17, 2003, which was 193 days after he was fired.  Furthermore, Rizo did not assert that he had filed a questionnaire that should be treated as a charge.  He presented an EEOC log, but that does not meet the minimum requirements for proving that a charge has been filed.  Accordingly, the district court correctly concluded that his claims against CIBER were barred as a matter of law.

**AFFIRMED.**