[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16011
Non-Argument Calendar

_____

D. C. Docket No. 06-03097-CV-CAP-1

MUSHTAQ AHMED,

Plaintiff-Appellant,

versus

BOARD OF REGENTS OF THE UNIVERSITY
SYSTEM OF GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 30, 2009)

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Mushtaq Ahmed appeals pro se the summary judgment in favor of his

former employer, the Board of Regents of the University System of Georgia, and against his complaint of discrimination and retaliation under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. The district court ruled that Ahmed's charge of discrimination was untimely. We affirm.

We review a grant of summary judgment de novo and review the evidence in the light most favorable to the nonmoving party. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161–62 (11th Cir. 2006). Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Before a plaintiff may file a complaint of discrimination or retaliation under Title VII, he must exhaust his administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). To exhaust his remedies, the plaintiff must file a timely charge of discrimination. Id. In Georgia, a plaintiff must file a charge of discrimination within 180 days after the alleged act of discrimination. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003).

Ahmed complains that the Board committed five discrete acts of discrimination on the basis of his national origin and retaliation. First, Ahmed alleges that "[f]rom and after" he was hired as a tenure-track instructor, the Board "began to treat him differently than similarly situated African American and White

2

instructors." According to Ahmed, this discrimination began in the fall of 2002 when he complained about his disparate workload to his supervisor and Chairman of the Department of Computer Sciences, Merle King, and King responded, "You must be happy doing this kind of work coming from a country like Bangladesh." Second, Ahmed alleges that he was denied course releases in the spring of 2003, the fall of 2003, and the spring of 2004. Third, Ahmed alleges that in the spring of 2005 he discussed his disparate workload with King, who replied that he would "correct the situation." Fourth, Ahmed alleges that King gave Ahmed a derogatory third-year performance evaluation in March 2005 that was "markedly different" from his second performance evaluation and reviews for promotion given by King and two other colleagues in the fall of 2004. Fifth, Ahmed alleges that in the March evaluation King changed the weights assigned to the components of Ahmed's job "in order to give [Ahmed] a poor evaluation" and "set the stage" to terminate Ahmed. Sixth, Ahmed alleges he was sent a letter in August 2005 stating the Board would not renew his contract.

Ahmed's charge of discrimination was untimely. Ahmed filed his charge on April 11, 2006. For Ahmed's charge to have been timely, the acts about which Ahmed complained must have occurred on or after October 13, 2005. None of the acts described in Ahmed's charge occurred after August 2005.

Ahmed argues that he is entitled to equitable tolling of the limitation period from February 7, 2006, when he submitted a charge in which the notary failed to state that Ahmed appeared before him, but we disagree. "Although a court may equitably toll a limitation[] period, the plaintiff[] must establish that tolling is warranted." Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004). Tolling is appropriate when the plaintiff establishes his filing is untimely due to "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The Georgia Commission on Equal Opportunity told Ahmed in a letter dated January 24, 2006, that, for the charge "to be timely, it [had to] be signed, dated, notarized, and received by [the] office within 180 days of the adverse employment actions." See Watson, 324 F.3d at 1258 (requiring a plaintiff file a charge of discrimination in Georgia within 180 days after the alleged discrimination); see also 42 U.S.C. § 2000e-5(e)(1). Ahmed failed to act with due diligence to correct his deficient charge. Ahmed waited about a month before he contacted the Commission to inquire about the status of his charge, and then he waited another month to file a new charge. Neither Ahmed's status as a pro se litigant nor his alleged ignorance about the administrative process constitute the type of extraordinary circumstances that warrant tolling, particularly when the

4

Commission informed Ahmed of the strict deadline.  See Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 969–70 (11th Cir. 1997) (refusing to equitably toll the time to appeal a decision of the Railroad Retirement Board for a pro se litigant).  The district court did not err when it granted summary judgment in favor of the Board on the ground that Ahmed's charge of discrimination was untimely.

The summary judgment in favor of the Board is **AFFIRMED**.