[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10723
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-01498-CAP

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 5, 2011
JOHN LEY
CLERK

RICHARD V. KELLY,

                                                        Plaintiff-Appellant,

versus

THE DUN & BRADSTREET CORPORATION
(D&B),

                                                        Defendant,

DUN & BRADSTREET, INC.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 5, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Kelly, a 65-year old Caucasian male, appeals the district court's grant of Dun & Bradstreet's (D&B) motion for summary judgment as to his complaint alleging sex, race, and age discrimination, and retaliation, raised under Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA). 42 U.S.C. § 2000e-2(a), 2000e-3(a); 29 U.S.C. § 623(a)(1), (d). For the reasons that follow, we vacate and remand.

I.

On June 4, 2009, Kelly filed suit against D&B, alleging that he was discriminated against based on his race, sex, age, and disability (depression) and retaliated against after he complained about D&B's conduct. According to the complaint, D&B retroactively increased Kelly's 2002 sales quota in January 2003, failed to compensate him properly in 2002, failed to give him revenue relief in February 2003, issued him a warning letter in May 2003, failed to recognize his 35th anniversary with the company in September 2003, issued him a letter of probation in March 2004, fired him in August 2004, and failed to timely pay his pension and group insurance and pay him for unused vacation days after his termination. Kelly alleged that he filed his first charge of discrimination with the

EEOC in June 2003 and a second charge in February 2005. But the only charge the EEOC had on record was the one Kelly filed in August 2007; it was only the 2007 charge that was marked received and assigned a charge number.

D&B moved for summary judgment, arguing that Kelly failed to exhaust administrative remedies because his 2007 charge of discrimination was untimely. The district court granted the motion, finding that the 2007 charge was untimely and equitable tolling would not render it timely. This is Kelly's appeal.

II.

We review a district court's grant of summary judgment *de novo*, and all evidence, and reasonable inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1161 (11th Cir. 2006); *Wascura v. City of South Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001).

Before a plaintiff may file a complaint under Title VII and the ADEA, the plaintiff must exhaust all available administrative remedies. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) (ADEA requirement); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII requirement). In Georgia, a charge of discrimination must be filed within 180 days after the alleged unlawful practice. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir.

3

2004); 29 U.S.C. § 629(d)(1)(A); 42 U.S.C. § 2000e-5(e)(1). A charge of discrimination is considered filed upon receipt, 29 C.F.R. § 1601.13(a), and the 180-day clock begins to run when the employee receives notice of the adverse employment action, *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201-02 (11th Cir. 2003) (ADEA); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (Title VII). An intake questionnaire that is verified and contains the basic information required can constitute a charge. *Wilkerson*, 270 F.3d at 1320-21.

Once a charge is filed, a petitioner may amend a charge in order to clarify and/or amplify the allegations made therein. 29 C.F.R. §§ 1601.12(b), 1626.8(c). Amendments that allege additional acts that constitute unlawful employment actions related to or growing out of the subject matter of the original charge relate back to the date the charge was first received. 29 C.F.R. § 1601.12(b) (Title VII); 29 C.F.R. § 1626.8(c) (ADEA). An amendment constitutes a mere clarification and amplification of the original charge where it only spells out in greater detail the employee's original allegations. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 464-65 (5th Cir. 1970).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

After a review of the record, we conclude that Kelly presented sufficient evidence to create a genuine issue of material fact as to whether he filed a charge on June 18, 2003 and February 26, 2005. Kelly presented evidence in the form of a completed and verified charge form and an accompanying verified questionnaire, both dated June 18, 2003. The EEOC admitted that Kelly brought both documents to the EEOC office where he met with an EEOC counselor, but the EEOC could not locate the documents. Kelly also submitted a copy of the 2005 charge and questionnaire that he sent to the EEOC in Washington, D.C. These documents were identical to the 2003 submissions except to add charges related to his termination and the failure to pay benefits. Although the third charge, which was dated August 31, 2007, is the only one marked received and assigned a case number, Kelly's prior verified charges and questionnaires were sufficient to constitute a filed charge of discrimination. Therefore, the district court erred by granting summary judgment in favor of D&B and we vacate and remand. On remand, the district court can determine which of Kelly's allegations relate to or grow out of the allegations in the 2003 questionnaire and charge and whether any of the timely claims have merit.

**VACATED AND REMANDED.**