[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10632
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2012
JOHN LEY
CLERK

D. C. Docket No. 8:09-cv-02348-EAK-FAJ

MICHELLE A. CHRISTIDES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 14, 2012)

Before EDMONDSON, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Michelle Christides, proceeding pro se, appeals the district court's dismissal of her action seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner's") favorable ruling on her application for social security disability benefits. The district court granted the Commissioner's motion to dismiss Christides's complaint and denied Christides's motion to change the nature of her suit from a claim brought under 42 U.S.C. § 405(g) to a generic civil rights claim.* No reversible error has been shown; we affirm.

Based upon Christides's application for social security disability benefits, the administrative law judge concluded that Christides was disabled and issued a decision in her favor. Christides, however, attempted to appeal that decision, challenging the onset date of her disability. Her administrative appeal was dismissed, and the Commissioner's decision became final on 2 September 2009. In its notice of dismissal, the Social Security Administration's Appeals Council instructed Christides that she had 60 days from her receipt of its notice to appeal the decision to the district court.

---

*To the extent that Christides challenges the district court's denial of her motion to change the nature of her suit on appeal, we conclude that the district court's denial was proper. The remedies set out in section 405(g) are the exclusive source of federal court jurisdiction over cases involving Social Security claims. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). Thus, the district court lacked jurisdiction to consider Christides's complaint outside of section 405(g).

2

On 6 November 2009, Christides filed a pro se complaint ("Initial Complaint") against the Commissioner in the district court together with a motion to proceed in forma pauperis ("IFP"). The district court dismissed her complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2), because Christides alleged that she was not in fact indigent. Christides did not appeal this dismissal. Instead, she refiled the instant complaint ("Refiled Complaint") and the appropriate filing fee on 17 November 2009.

Conceding that her Refiled Complaint was untimely, Christides filed a motion -- styled as a letter to the district court clerk -- to reinstate her Initial Complaint so that her civil suit would be considered timely filed. The district court denied her motion based on improper styling and instructed her to renew her request for relief using the proper format. Christides failed to do so. The district court then granted the Commissioner's motion to dismiss Christides's Refiled Complaint as time-barred.

We review de novo the district court's dismissal of a "complaint for failure to satisfy the statute of limitations, accepting as true the allegations contained in the complaint." Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007). Whether equitable tolling applies is a legal question that we review de novo. Id.

3

In addition, we construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A claimant seeking judicial review of the Commissioner's final decision must file a civil suit within 60 days after receiving notice of the Commissioner's decision. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Absent "a reasonable showing to the contrary," the date of receipt of such notice is presumed to be five days after the date of such notice. 20 C.F.R. § 422.210(c). Christides does not contend that it took longer than five days for her to receive the Commissioner's notice. Thus, to obtain judicial review of the Commissioner's 2 September decision, Christides was required to file her civil suit by 6 November. That Christides's Refiled Complaint -- filed on 17 November -- was untimely is undisputed.

On appeal, Christides, however, argues that she was entitled to equitable tolling of the statutory filing period because she was diligent in pursuing her lawsuit. A claimant seeking equitable tolling of section 405(g)'s statute of limitations must "demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." Jackson, 506 F.3d at 1355. It is well-established that "[e]quitable tolling 'is an extraordinary remedy which should be extended only sparingly.'" Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th

4

Cir. 2004). Thus, a conclusion that equitable tolling is warranted under section 405(g) "is reserved for extraordinary facts." Jackson, 506 F.3d at 1353-54.

Christides has failed to demonstrate such extraordinary facts. Nothing evidences that Christides's late filing was the result of "fraud, misinformation, or deliberate concealment." Instead, Christides was informed in clear language of her right to appeal to the district court and was instructed to do so within 60 days of the Commissioner's final decision. That Christides understood those instructions is evidenced by her filing of her Initial Complaint on the day of the deadline and her later acknowledgment that her Refiled Complaint was untimely filed.

We are also unconvinced that the dismissal without prejudice of her Initial Complaint warrants application of the equitable tolling doctrine. First, the mere fact that her complaint was dismissed without prejudice does not permit her to file a later complaint outside the statute of limitations. See Bost, 372 F.3d at 1242. Christides also failed to appeal the dismissal. Even if we assume that the district court failed to inform her expressly of her right to appeal, nothing evidences that the district court engaged in "fraud, misinformation, or deliberate concealment." And although Christides attempted to reinstate her Initial Complaint for purposes of rendering her lawsuit timely, she failed to respond to the district court's

5

unambiguous instructions to refile her request using the proper format.  Neither

Christides's <u>pro se</u> status nor her apparent ignorance of the law, by themselves,

constitutes extraordinary circumstances.  <u>See Jackson</u>, 506 F.3d at 1356;

<u>Wakefield v. R.R. Ret. Bd.</u>, 131 F.3d 967, 969-70 (11th Cir. 1997) (refusing to

equitably toll the time to appeal a decision of the Railroad Retirement Board for a

<u>pro se</u> litigant).  Because we see no extraordinary circumstances, Christides is

unentitled to equitable tolling.

AFFIRMED.