[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14843
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24000-MGC


SELWYN DON TITUS,

                                                          Plaintiff-Appellant,

versus

MIAMI DADE COUNTY,

                                                          Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2018)


Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Selwyn Titus, proceeding pro se,[1] appeals the district court's grant of summary judgment in favor of Plaintiff's employer, Miami-Dade County ("County"), in this civil action alleging employment discrimination and retaliation. Plaintiff asserts claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11 ("FCRA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"), and the Florida Whistleblower's Act, Fla. Stat. §§ 112.3187-112.31895. No reversible error has been shown; we affirm.

Plaintiff began working as a heavy equipment operator in the County's Water and Sewer Department in 2001. In March 2011 and in October 2012, Plaintiff applied for three posted openings for a Pipefitter Supervisor position. The three supervisor positions were filled by applicants who Plaintiff contends had less experience than he did and who lacked the appropriate state license for the position.

---

[1] We construe liberally pro se pleadings. Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).

2

After Plaintiff was denied the supervisor position in October 2012, Plaintiff complained verbally to the County's Human Resources Department that he had been unlawfully discriminated against. In March and April 2013, Plaintiff also filed complaints of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the County's Office of Human Rights and Fair Employment Practices, and the County's Commission on Ethics and Public Trust.

In Plaintiff's complaint to the EEOC, Plaintiff identified himself as a 51-year-old, black, Trinidadian, Seventh-Day Adventist. Plaintiff said he sought to bring a lawsuit for discrimination and for retaliation under Title VII and the ADEA. Plaintiff alleged that the County's failure to promote him was a result of unlawful discrimination on the basis of Plaintiff's race, national origin, religion, and age. Plaintiff also said that he was given a negative performance review in retaliation for having filed a complaint of discrimination. On 31 March 2015, the EEOC issued Plaintiff a notice of right-to-sue.

On 19 June 2015, Plaintiff (through his then lawyer) filed his first civil action in the United States District Court for the Southern District of Florida ("Titus I"). Plaintiff alleged claims for discrimination and retaliation in violation of Title VII, the ADEA, the FCRA, and Florida's Whistleblower Act. The district court dismissed without prejudice Plaintiff's amended complaint in Titus I.

3

Plaintiff raised no challenge to the district court's order of dismissal either in the district court or by appealing to this Court.

On 17 September 2016, Plaintiff (through a lawyer) filed his second civil action: the complaint underlying this appeal. Briefly stated, Plaintiff alleges again that the County engaged in unlawful discrimination and retaliation in violation of Title VII, the ADEA, and the FCRA (Counts I through VI). Plaintiff also contends that the County violated the Florida Whistleblower's Act by retaliating against him after Plaintiff reported the County's licensure violations to the Department of Environment Protection (Count VII). Plaintiff also alleges that the County violated the FMLA by denying improperly Plaintiff's leave requests in retaliation for Plaintiff's having filed discrimination complaints (Count VIII).

The district court granted the County's motion for summary judgment. The district court determined that Plaintiff's claims under Title VII, the ADEA, the FCRA, and the FMLA were time-barred. The district court rejected Plaintiff's contention -- pursuant to Fed. R. Civ. P. 15(c) -- that his complaint "related back" to his earlier lawsuit in Titus I. The district court also concluded that Plaintiff had failed to exhaust his administrative remedies under the Florida Whistleblower's Act.

We review de novo the district court's grant of summary judgment. Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment

4

is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine dispute of material fact and compels judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  When the party seeking summary judgment satisfies his initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-moving party to come forward with specific facts to rebut this showing through affidavits or other relevant and admissible evidence.  Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  "A nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial."  Id.

As an initial matter, Plaintiff raises no challenge to the district court's fact findings about timeliness or the district court's determination that the Title VII, ADEA, FCRA, and FMLA claims raised in Plaintiff's 17 September 2016 complaint -- in and of themselves -- were untimely filed.  Nor does Plaintiff challenge the district court's determination that no equitable tolling is warranted under the circumstances of this case.

Plaintiff's chief argument on appeal is that his claims should be deemed timely-filed pursuant to Fed. R. Civ. P. 15(c).  Plaintiff argues that, because this case and Titus I both arise from the same conduct, transaction, and occurrence, his

5

17 September 2016 complaint "relates back" to his timely-filed complaint in <u>Titus</u> <u>I</u>. We disagree.

Rule 15(c) sets forth the circumstances in which "[a]n amendment to a pleading relates back to the date of the original pleading" for statute-of-limitation purposes. Fed. R. Civ. P. 15(c)(1). Plaintiff's 17 September 2016 complaint, however, is no "amendment to a pleading"; it is the original pleading in <u>this</u> civil action. Rule 15(c)'s relation-back doctrine is thus inapplicable here and cannot be used to cure Plaintiff's failure to file his claims within the applicable limitation periods. <u>See Dade Cty. v. Rohr Indus</u>., 826 F.2d 983, 989 (11th Cir. 1987) (when a plaintiff files a new second complaint after his first complaint is dismissed, the relation-back doctrine may not be used to revive the date of the filing of the first complaint); <u>cf. Bost v. Fed. Express Corp</u>., 372 F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations.").

The district court also committed no error in granting summary judgment on Plaintiff's whistleblower claim. Under Florida law, a public employee must first exhaust his administrative remedies -- by filing a complaint with the "appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints" -- before filing a civil action for violation of the Florida Whistleblower's Act. <u>See</u> Fla. Stat. §

6

112.3187(8)(b).  Because the County has established such an administrative procedure, see Miami-Dade County Code § 2-56.28.17 (2018), Plaintiff was required to avail himself first of that administrative remedy before seeking relief in the courts.

In support of its motion for summary judgment, the County attached an affidavit from a manager with the County's Human Resources, Labor Relations and Compensation Division, in which the manager attested that Plaintiff had filed no administrative complaint under the County's whistleblower ordinance.  Plaintiff has come forward with no evidence or specific facts to rebut the County's evidence.  Because no genuine issue of material fact has been shown about whether Plaintiff exhausted his administrative remedies before filing this civil action, the County was entitled to summary judgment on Plaintiff's whistleblower claim.  See Avirgan, 932 F.2d at 1577.

AFFIRMED.[2]

---

[2] Plaintiff makes three additional arguments in his appellate brief: (1) that the district court erred in dismissing Titus I; (2) that the district court erred in granting Plaintiff's lawyer's motion to withdraw; and (3) that the district court erred in permitting the County to move prematurely for summary judgment.  Because Plaintiff had an opportunity to present these arguments in the district court and failed to do so, we will not address these issues raised for the first time in this appeal.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004).