[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14772
Non-Argument Calendar

_____

D. C. Docket No. 05-01094-CV-J-25-MMH

ALBERT STEWARD,

Plaintiff-Appellant,

versus

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,
Local No. 1408,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 28, 2007)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Albert Steward, proceeding pro se, appeals the district court's grant of the International Longshoreman's Association's ("ILA") motion to dismiss or, in the alternative, motion for summary judgment. Steward's complaint alleged that ILA, his union, failed to refer him to jobs for which he was qualified, in breach of its duty of fair representation under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et. seq. Steward argues that the district court erroneously concluded that his complaint was time-barred.

We review an order granting summary judgment de novo, applying the same standards as the district court and viewing the evidence in the light most favorable to the non-moving party. Bost v. Fed. Express Corp., 372 F.3d 1233, 1237-38 (11th Cir. 2004). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Id. at 1237 (quotation and citation omitted).

The district court granted ILA's motion on the grounds that Steward's complaint was barred by the statute of limitations. When a union member sues a union for breaching its duty of fair representation, the six-month statute of limitations established in Section 10(b) of the NLRA applies. Hechler v. Int'l Bhd. of Elec. Workers, 834 F.2d 942, 944 (11th Cir. 1987) (citation omitted). In relevant part, that provision states "[t]hat no complaint shall issue based upon any

2

unfair labor practice occurring more than six months prior to the filing of the charge with the Board . . . ." 29 U.S.C. § 160(b). "For the purpose of determining when the § 10(b) period begins to run, we look to when plaintiffs either were or should have been aware of the injury itself . . . ." Benson v. Gen. Motors Corp., 716 F.2d 862, 864 (11th Cir. 1983).

When the plaintiff alleges repeated injuries, Section 10(b) does not bar legal action so long as the "complaint is filed within six months of one such [injury], notwithstanding the fact that more than six months passed between the earlier [injuries] and the filing of the charge." NLRB v. Preston H. Haskell Co., 616 F.2d 136, 140-41 (5th Cir. 1980) (citation omitted).[1] "Each [injury] represents an independent unfair labor practice that does not derive its illegal character from earlier violations and, as long as one discrete violation occurred within six months of the filing of charges, legal action is timely." Id. at 141 (citation omitted).

Here, Steward alleged in his complaint that ILA's failures to refer him for employment continued through "the present"—which would have been October 20, 2005, the date he filed his complaint. Accordingly, ILA had the burden to prove that, contrary to Steward's allegation, it did not fail to refer him for

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all the decisions of the former Fifth Circuit handed down on or before September 30, 1981.

3

employment that he was otherwise qualified for in the six months prior to October 20, 2005.

Without requiring such proof, the district court erroneously concluded that Steward had to bring his complaint within six months of March 17, 2005, the date that the NLRB rejected an appeal he submitted to them. This conclusion is erroneous because Steward's alleged injury did not arise exclusively out of facts alleged the NLRB proceedings. Moreover, Steward's alleged injuries continued to the date he filed his complaint. Therefore, the district court erred by finding that the statute of limitations period began on March 17, 2005.

In accordance with our precedent, the six-month statute of limitations period began on the last date before Steward filed his complaint on which ILA failed to refer him for employment and Steward learned or should have learned of that injury. See Preston H. Haskell Co., 616 F.2d at 140-41; Benson, 716 F.2d at 864. Based on the record before it, the district court should have found that Steward's complaint was not time-barred because ILA did not produce any evidence showing that Steward did not suffer an injury in the six months prior to October 20, 2005.[2]

---

[2] Steward also seeks to file a motion to supplement the record with documents that were not presented or evaluated by the district court. These documents may establish that his complaint is based on ILA's failure to refer him to a job on April 15, 2005, and that he learned of that failure on the same day, rendering his claim barred by the statute of limitations. Because none of these documents were before the district court, we decline to supplement the record on appeal.

We also conclude that ILA's alternate grounds for affirming the district court opinion are

4

**REVERSED AND REMANDED.**

---

without merit. The NLRB does not have exclusive jurisdiction over Steward's claim. Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6, 493 U.S. 67, 75-77 (1990). Steward was not bound to include his employer in the complaint because in the context of a complaint alleging a fair representation claim for failure to refer to employment, the union's liability does not depend on any action by the employer. Breininger, 493 U.S. at 82-84. Last, the statute of limitations should not run from the date that Steward was terminated from his job, July 26, 2004, because he alleges that ILA continued to deny him referrals.