[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12761
Non-Argument Calendar

_____

D. C. Docket No. 05-01094-CV-J-25-TEM

ALBERT STEWARD,

Plaintiff-Appellant,

versus

INTERNATIONAL LONGSHOREMAN'S ASSOCIATION,
Local No. 1408,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 8, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Albert Steward, proceeding pro se, appeals the district court's grant of

summary judgment in favor of his union, the International Longshoreman's

Association ("ILA"), in his action alleging that the ILA breached its duty of fair

representation by failing to refer him to work from its hiring hall. Steward also

challenges the court's failure to impose sanctions against the ILA for alleged

failures to comply with discovery. Specifically, Steward argues that summary

judgment was erroneous because the court based its decision on misstated facts and

incorrectly considered some of his claims time-barred under 29 U.S.C. § 160(b).[1]

The record shows that Steward was last employed in July 2004, and that he

filed the present lawsuit on October 20, 2005. Between these two points, he sought

referrals from the ILA, without success. Previously, the district court dismissed his

claims against the ILA, but we reversed on appeal, noting that Steward specifically

alleged a refusal by the ILA to refer him up to the date the complaint was filed.

Steward v. Int'l Longshoremen's Ass'n., Local No. 1408, 221 Fed. Appx. 894, 896

(11th Cir. 2007) (unpublished) (Steward I). This matter now comes before us

again following entry of summary judgment.

I.

---

[1] On appeal, Steward also moves to supplement his reply brief and for oral argument. We deny the motion to supplement because the supplemental brief did not add any new authority. Fed.R.App.P. 28. We also deny Steward's motion for oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not aid the decisional process. Fed.R.App.P. 34(a)(2)(C).

Although the district court did not expressly rule on Steward's motion to dismiss ILA's motion for summary judgment as a discovery sanction, the entry of a final judgment implicitly denied his pending motion.  See Chalwest (Holdings) Ltd. v. Ellis, 924 F.2d 1011, 1012 (11th Cir. 1991) (holding that an appellant's request for an evidentiary hearing was denied sub silentio by the district court's order of dismissal).

"A [court's] decision as to whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation" and is reviewed for abuse of discretion.  Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996).  The Federal Rule of Civil Procedure 37 authorizes sanctions "if a party . . . fails to obey an order to provide or permit discovery."  Fed.R.Civ.P. 37(b)(2)(C).  Sanctions allowed under Rule 37 are intended to:  (1) compensate the court and other parties for the added expense caused by discovery abuses; (2) compel discovery; (3) deter others from engaging in similar conduct; and (4) penalize the offending party or attorney.  Wouters v. Martin County, Fla., 9 F.3d 924, 933 (11th Cir. 1993).

Having reviewed the record and the briefs of the parties, we discern no error with respect to the failure to impose sanctions.  The record shows that all depositions and affidavits were filed prior to the court's determination of the

motion for summary judgment. Additionally, Steward did not file a motion to compel discovery and did not identify any documents as missing from the record. In light of the record and the district court's firsthand knowledge of the litigation disputes, it did not abuse its discretion in failing to impose sanctions on the ILA.

## II.

As an initial matter, we note that Steward's pro se brief is unclear as to the issues he challenges on appeal. Issues that are not raised on appeal or that are treated in a perfunctory manner are deemed abandoned. Continental Technical Services, Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991). However, pro se briefs and pleadings are liberally construed. Finch v. City of Vernon, 877 F.2d 1497, 1504 (11th Cir. 1989). We construe Steward's brief to first challenge the district court's finding that any claims related to non-referrals in the six-month period preceding the commencement of suit - on or before April 19, 2005 - were time-barred under 29 U.S.C. § 160(b).

We review an order granting summary judgment de novo, applying the same standards as the district court and viewing the evidence in the light most favorable to the non-moving party. Bost v. Fed. Express Corp., 372 F.3d 1233, 1237-38 (11th Cir. 2004). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a

4

judgment as a matter of law." Id. at 1237 (citation omitted).  However, the non-moving party "may not rest upon the mere allegations or denials" of his pleadings; instead the party "must set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).  "A genuine issue of material fact exists if the jury could return a verdict for the non-moving party."  Bost, 372 F.3d at 1237 (internal quotation and citation omitted).

When a union member sues a union for breaching its duty of fair representation, the six-month statute of limitations established in § 10(b) of the National Labor Relations Act ("NLRA") applies.  Hechler v. Int'l Bhd. of Elec. Workers, 834 F.2d 942, 944 (11th Cir. 1987).  In relevant part, that provision states "[t]hat no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge . . . ."  29 U.S.C. § 160(b).  "For the purpose of determining when the § 10(b) period begins to run, we look to when plaintiffs either were or should have been aware of the injury itself . . . ."  Benson v. Gen. Motors Corp., 716 F.2d 862, 864 (11th Cir. 1983).  However, the statute of limitations period is tolled while the plaintiff pursues internal union remedies.  Hester v. Int'l Union of Operating Eng'rs, 941 F.2d 1574, 1577 (11th Cir. 1991).

When a member alleges repeated injuries, § 10(b) does not bar legal action

5

so long as the "complaint is filed within six months of one such [injury], notwithstanding the fact that more than six months passed between the earlier [injuries] and the filing of the charge." NLRB v. Preston H. Haskell Co., 616 F.2d 136, 140-41 (5th Cir. 1980). We have explained that "[e]ach [injury] represents an independent unfair labor practice that does not derive its illegal character from earlier violations and, as long as one discrete violation occurred within six months of the filing of charges, legal action is timely." Id. at 141.

A defendant's argument that a claim is barred by the statute of limitations raises an affirmative defense, and "[i]t is beyond dispute that the defendants have the burden of proof in establishing the elements of the affirmative defense of the statute of limitations." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005) (citation omitted) (considering statute of limitations under Sarbanes-Oxley Act). The defendants met this burden here and the district court correctly found that the ILA's alleged non-referrals prior to April 19th were time-barred. Steward acknowledged that he was aware that he was not accepted by Container Maintenance for the April 15th referral position by April 18th. However, he did not file his complaint until more than six months later on October 20, 2005. Therefore, the district court properly granted summary judgment as to the alleged non-referrals occurring before April 19th.

Steward also challenges the district court's finding that the ILA did not fail to represent him fairly with respect to non-referrals occurring after April 19, 2005. Under federal law, a union can represent a majority of the employees in an appropriate bargaining unit and act as the exclusive representative of all the employees in collective bargaining. See Bass v. International Broth. of Boilermakers, 630 F.2d 1058, 1062 (5th Cir. 1980) (citing 29 U.S.C. §§ 158(b), 159(a)). Because the union acts as agent of all the employees, however, it owes each of them, whether or not a union member, the duty of fair representation. Sanderson v. Ford Motor Co., 483 F.2d 102, 109 (5th Cir. 1973). Specifically, when a union acts as the collective bargaining agent of its members, it is obliged "to secure the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842, 850 (1967).

As the Supreme Court noted in Breininger v. Sheet Metal Workers International Association Local Union No. 6, 493 U.S. 67, 110 S.Ct. 424, 437, 107 L.Ed.2d 388 (1989), a union gains the ability to refer workers for employment through a hiring hall because of its status as a Board-certified bargaining representative, but, with this authority, "comes the responsibility to exercise it in a

7

nonarbitrary and nondiscriminatory fashion, because the members of the bargaining unit have entrusted the union with the task of representing them." Id. The Supreme Court continued:

> That the particular function of job referral resembles a task that an employer might perform is of no consequence. The key is that the union is administering a provision of the contract, something that we have always held is subject to the duty of fair representation.

Id. "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation. Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 46, 119 S.Ct. 292, 300, 142 L.Ed.2d 242 (1998). Ultimately, in order to overcome a union's motion for summary judgment, the member must establish that a genuine issue of material fact exists with respect to the union's fulfillment of its duty of fair representation. Parker v. Connors Steel Co., 855 F.2d 1510, 1519-20, (11th Cir. 1988) (affirming summary judgment in favor of a union that allegedly violated its duty of fair representation in negotiations and grievance proceedings).

In this case, however, Steward did not offer evidence to show that the ILA exercised its authority over the hiring hall in an arbitrary or discriminatory fashion. With respect to the non-referrals occurring in the six months prior to his complaint filing date, and even assuming arguendo that this would include the alleged April 15th non-referral, the undisputed evidence indicated that the ILA in fact referred

8

Steward, but Steward failed to comply with the referral employer's permissible request for a medical clearance for work. It was not arbitrary or capricious for the ILA to conclude that further referral of Steward to this employer would be futile until Steward complied with the request. Further, Steward did not identify any union member with the similar medical clearance issues who was treated differently by the ILA.

In sum, the ILA provided a rational and nondiscriminatory basis and explanation for its non-referral of Steward to Container Maintenance of Florida, and Steward did not set forth facts to show a genuine issue existed with respect to this fact. Therefore, a genuine issue of material fact with respect to the union's fulfillment of its duty of fair representation to Steward did not exist. Accordingly, we affirm the district court's grant of summary judgment in favor of the ILA.

**AFFIRMED**.