[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 04-15153
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 02-01225-CV-ORL-28-JGG


CARL B. HILLEMANN, JR.,

                                        Plaintiff-Appellant,

                versus


UNIVERSITY OF CENTRAL FLORIDA,

                                        Defendant-Appellee.


----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(January 18, 2006)**


Before EDMONDSON, Chief Judge, ANDERSON and WILSON, Circuit Judges.


PER CURIAM:

Plaintiff-Appellant Carl Hillemann appeals <u>pro</u> <u>se</u> the district court's dismissal of his claims against the University of Central Florida Board of Regents ("UCF") for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and grant of summary judgment to UCF for his race and sex discrimination and retaliation claims under Title VII, 42 U.S.C. § 2000e-2, 2000e-3. No reversible error has been shown; we affirm. Because we affirm the district court's decision, we determine that Defendants' motion to strike Plaintiff's supplemental authorities is moot.

Plaintiff is a white male and is over seventy years old. Plaintiff's complaint alleged that, because of age, race, and gender discrimination, UCF refused to hire him for three positions with its Marketing Department and approximately[1] fifteen positions with its Small Business Department. Plaintiff additionally alleged UCF refused to hire him for the three Marketing positions in retaliation for Plaintiff's complaints that UCF had discriminated previously against Plaintiff because of his age by failing to hire him for two Small Business positions.

The district court dismissed Plaintiff's age discrimination claims under the ADEA as barred by the Eleventh Amendment. The district court determined UCF was entitled to summary judgment on Plaintiff's race and gender discrimination

[1]The precise number is irrelevant to our resolution of this case.

2

and retaliation claims because (1) Plaintiff was procedurally barred from raising race and gender discrimination claims about most of the Small Business positions and Plaintiff stipulated to the dismissal of the claims about the remaining two Small Business positions; and (2) Plaintiff was procedurally barred from bringing race or gender discrimination or retaliation claims about the Marketing Positions and also failed to create a question of material fact about whether UCF's proffered reasons for not hiring him for the Marketing positions were pretextual.

We review de novo a district court's dismissal of a complaint on Eleventh Amendment grounds. In re Employment Discrimination Litig. against State of Ala., 198 F.3d 1305, 1310 (11th Cir. 1999). We review a district court's grant of summary judgment de novo, viewing the facts –  supported by evidence in the record – and reasonable inferences from those facts in the light most favorable to the nonmoving party. Young v. City of Palm Bay, Fla., 358 F.3d 859, 860 (11th Cir. 2004).

The district court properly dismissed Plaintiff's age discrimination claims under the ADEA. The ADEA prohibits employers, including states and state entities, from refusing to hire persons because of their age. 29 U.S.C. §§ 623(a)(1), 630(b). But, although the statute's language expressly allows suits against state entities, the Supreme Court has determined that the ADEA does not

3

abrogate state entities' Eleventh Amendment immunity because the ADEA is grounded in Congress's Article I powers, not Congress's powers to enforce the Fourteenth Amendment. Kimel v. Fla. Bd. of Regents, 120 S.Ct. 631, 640 (2000). Therefore, because UCF is a state entity, it is immune from ADEA discrimination claims; and Plaintiff's ADEA claims were properly dismissed.

Likewise, the district court properly granted summary judgment on Plaintiff's claims about the Small Business and Marketing positions. We first address Plaintiff's discrimination claims about the Small Business positions, then Plaintiff's discrimination and retaliation claims about the Marketing positions.

1) The Small Business Claims

Before filing a Title VII action in district court, a plaintiff must file a charge of discrimination with the EEOC. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2204). Courts are "extremely reluctant" to bar Title VII claims based on procedural technicalities and will allow judicial claims that "amplify, clarify, or more clearly focus" the EEOC complaint allegations. Id. Still, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of

discrimination." Gregory, 355 F.3d at 1280. Plaintiffs may not raise "[a]llegations of new acts of discrimination" in the judicial proceedings. Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989).

Plaintiff's federal court complaint asserted discrimination claims arising from UCF's refusal to hire him for approximately fifteen positions in its Small Business department; Plaintiff's EEOC however, charge mentioned only two of these positions. Therefore, the district court properly determined that Plaintiff's judicial claims about the Small Business positions Plaintiff did not mention in his EEOC charge were procedurally barred.

Plaintiff signed and submitted a form stipulating to the dismissal of the two remaining Small Business claims. Plaintiff argues that he changed his mind after signing the stipulation for dismissal and that he indicated his retraction in writing on the document. The document in the record however, contains no such marks; it bears only the signatures of the parties. The district court correctly determined this stipulation was sufficient to dismiss the two remaining Small Business position claims. Fed. R. Civ. P. 41(a). Because all the Small Business claims were either procedurally barred or voluntarily dismissed, the district court did not err in granting summary judgment to UCF on these claims.

2) The Marketing Positions

Plaintiff's complaint alleged UCF failed to hire him for three Marketing positions because of race and gender discrimination and retaliation. Plaintiff's EEOC charge about the Marketing positions alleged only age discrimination under the ADEA.[2] This Court has previously refused to bar a plaintiff's judicial claims when that plaintiff, not represented by counsel, inadvertently did not mark her EEOC charge form as including retaliation claims; the facts in that plaintiff's EEOC charge indicated she was fired after complaining about race and gender discrimination, which reasonably would lead to an EEOC investigation of retaliation. Gregory, 355 F.3d at 1277.

Here, Plaintiff's EEOC charge factually supports only a claim of age discrimination: Plaintiff said he believed he was a victim of age discrimination and, to support this, said that the hired applicants were younger than he was. The EEOC charge was silent about race, sex, retaliation and Title VII. The EEOC could not reasonably be expected to investigate race and sex discrimination or retaliation when the charge form presented no indication that such considerations

---

[2] Plaintiff filed different EEOC charge forms for the Small Business positions and the Marketing positions.

6

might have played a role in UCF's failure to hire Plaintiff. Therefore, the Marketing position claims were procedurally barred; and the district court properly granted summary judgment about these claims to UCF.

We also note that Plaintiff did not establish a material question about whether Defendants' reasons for not hiring him for the Marketing positions were pretextual. If a plaintiff establishes a prima facie case of discrimination or retaliation, and the Defendant responds with a legitimate, nondiscriminatory reason for not hiring the plaintiff, the plaintiff must show that the defendant's reasons were pretext for an illegal motive. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973); Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002). A plaintiff cannot establish pretext merely by showing he or she was better qualified than the hired candidate; the plaintiff must show the hiring decision was made because of an illegal motive. See Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000), overruled on other grounds, Manders v. Lee, 338 F.3d 1304, 1328 (11th Cir 2000).

UCF offered legitimate, nondiscriminatory reasons for not hiring Plaintiff:[3] Plaintiff had no ties to central Florida, which UCF sought in hopes of reducing

---

[3]We assume for this analysis, as did the Magistrate, that Plaintiff established a prima facie case.

7

faculty turnover; and one UCF interviewer found Plaintiff "boring" and "unenthusiastic."

Plaintiff presented no evidence that UCF lied about these reasons. Plaintiff merely asserted that he was the most qualified candidate for the position and reasoned that this showed UCF's failure to hire him was discriminatory. But a reasonable employer could have concluded that Plaintiff's lack of ties to central Florida and "boring" demeanor negated Plaintiff's credentials, and the record reflects no evidence that UCF considered race, sex, or retaliation in hiring for the Marketing positions. Therefore, Plaintiff did not establish that UCF's reasons were pretextual, and the district court properly granted summary judgment to UCF about the Marketing position claims.

AFFIRMED.