[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12592
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-02748-RLV


NORMAN TOLAND, JR.,

Plaintiff-Appellant,


versus


AT&T,
BELLSOUTH TELECOMMUNICATIONS, INC.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 4, 2012)

Before TJOFLAT, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Norman Toland, proceeding pro se, appeals from the district court's grant of summary judgment in favor of AT&T and BellSouth (together, "BellSouth") in his disability discrimination suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  On appeal, Toland argues that the district court erred by finding that he was not a qualified individual because possessing a commercial driver's license ("CDL") was not an essential function of the outside plant technician ("OPT") job.  Toland contends that because neither the Loss of Driver's License Policy nor the OPT job description expressly state that a CDL is required, having a CDL is not an essential job function. Toland contends that he was actually fired because of a disability, as evidenced by his supervisor once referring to him as a "cripple."[1]

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party.  Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007).  Summary judgment is appropriate when the evidence before the court demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to

---

[1]    This is the only argument properly on appeal.  We consider only those arguments raised in an appellant's initial brief.  Allstate Ins. Co. v. Swann, 27 F.3d 1539, 1542 (11th Cir. 1994).

2

judgment as a matter of law." Fed. R. Civ. P. 56(a).

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment."[2] 42 U.S.C. § 12112(a). We analyze Toland's ADA claim under the McDonnell Douglas burden-shifting analysis that is applied to Title VII claims.[3] Holly, 492 F.3d at 1255. To successfully state a claim under this framework, Toland must first establish a prima facie discrimination case, meaning he must show: "(1) he is disabled;[4] (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." Id. at 1255-56.

A "qualified individual" is "someone with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment

---

[2]    BellSouth does not dispute that it is a "covered entity."

[3]    We use the McDonnell Douglas framework here because there is no direct evidence, which is composed of "only the most blatant remarks, whose intent could be nothing other than to discriminate." Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989). Even if the comment that Toland was a "cripple" were such a blatant remark, Toland has not challenged the district court's conclusion that there is no evidence that the supervisor who said the statement was actually involved in the decision to terminate Toland. See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (noting that "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination").

[4]    BellSouth conceded below that Toland is disabled.

3

position that such individual holds or desires." Id. at 1256 (quotation omitted). Essential functions are the fundamental job duties of a position that an individual with a disability is actually required to perform. Id. at 1257. If a disabled individual is unable to perform an essential function of the job even with a reasonable accommodation, he is not a "qualified individual" and cannot establish a prima facie case under the ADA. Id. at 1256.

Whether a particular job duty is an essential function is evaluated on a case-by-case basis. Id. at 1258. We give substantial weight to the employer's judgment as to what functions of a position are essential. Id.

In this case, the district court correctly granted BellSouth's motion for summary judgment because Toland was not qualified for the OPT position. It is undisputed that the ability to climb telephone polls and to drive a vehicle are both essential functions of an OPT.[5] Toland acknowledged that even after surgery on his shoulder and even with accommodation, he still would not be able to climb a pole.

As for driving a vehicle, Toland conceded that his doctor restricted him from driving any vehicles for at least nine months. BellSouth offered to let Toland ride along and supervise individuals who were training to obtain their own CDLs.

---

[5]   See Dkt. 42 at 40-41; id. Exh. 1 at 1-2.

4

However, Toland could do these ride-alongs only if he had a valid CDL at the time–which he did not.

The parties dispute whether the district court correctly concluded that possessing a CDL is an essential function of being an OPT. Toland insists that it is not. However, we need not settle this dispute because even if Toland were correct, he still could not perform all of the essential functions of an OPT (i.e., climbing a pole or physically driving a truck), even with reasonable accommodation.[6]

Because Toland could not perform these essential functions even with reasonable accommodations, he cannot show that he is a qualified individual. See id. at 1256-58. Therefore, Toland is unable to establish a prima facie case under the ADA, and we affirm the district court's grant of BellSouth's motion for summary judgment.[7]

---

[6]    We can affirm on any ground supported by the record. Bircoll v. Miami-Dade Cnty., 480 F.3d 1072, 1088 n.21 (11th Cir. 2007). We note that the magistrate's report and recommendation, which the district court adopted except for a minor portion irrelevant to this appeal, similarly concluded that even if a CDL were not required to be an OPT, there were still other essential functions that Toland could not perform even with reasonable accommodation.

[7]    To the extent that Toland contends he could have been transferred to desk positions at BellSouth, we note that he never applied for any other jobs at BellSouth. He also has not challenged on appeal the district court's conclusion that the staffing of these positions is controlled by seniority via a collective bargaining agreement. See Davis v. Fla. Power & Light Co., 205 F.3d 1301, 1306 (11th Cir. 2000) ("The ADA does not require accommodations . . . that contravene the seniority rights of other employees under a collective bargaining agreement.").

AFFIRMED.