[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11060
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-01498-CAP

RICHARD V. KELLY,

Plaintiff-Appellant,

versus

DUN & BRADSTREET, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 27, 2014)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

This case is before us following our remand instructing the district court to consider and determine which of Richard Kelly's claims related to or arose out of his timely 2003 EEOC charge in his action against his former employer, Dun & Bradstreet (D&B). On remand, the district court determined that many of Kelly's claims were untimely or unexhausted. With respect to the timely charges, the district court granted summary judgment in D&B's favor. Kelly appeals, and after a thorough review of the record, we affirm in part and vacate and remand in part.[1]

I. Background

On June 4, 2009, Kelly filed suit against D&B, alleging that he was discriminated against based on his race, sex, age, and disability (depression), subjected to a hostile work environment, and retaliated against after he complained about D&B's conduct, in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. According to Kelly's complaint, D&B engaged in the following discriminatory and retaliatory actions: D&B retroactively increased his 2002 sales quota in January 2003, failed to compensate him properly in 2002, failed to give him revenue relief in February 2003, issued him a warning letter in May 2003, failed to recognize his 35th anniversary with the company in September 2003, issued him a letter of probation

---

[1] We deny Kelly's motion to supplement the record. The evidence submitted with the motion could have been —but was not —presented to the district court.

in March 2004, fired him at age 58 in August 2004, and failed to timely pay his pension, insurance, and unused vacation days after his termination.

Attached to the complaint were copies of the EEOC charges Kelly had filed. The first charge, dated June 18, 2003, alleged that the actions complained of occurred between June 1, 1993, and June 9, 2003. In that charge, Kelly identified three coworkers who were treated more favorably, and he alleged constructive discharge, wage discrimination, and hostile work environment. In the second charge dated February 26, 2005, Kelly alleged that the actions continued through August 31, 2004, and he added allegations of wrongful termination and post-termination retaliation based on the withholding of his pension benefits and unused vacation time. The third and final charge was dated August 31, 2007, and it listed numerous allegations, including that Kelly was denied administrative help and office space, given a lower salary than other sales team members, not paid his full commissions on two sales, and that D&B ignored his 35-year service anniversary.

D&B moved for summary judgment, arguing that Kelly failed to file a timely EEOC charge and disputing his allegations on the merits. The district court granted summary judgment to D&B on the ground that the only charge Kelly had filed was in 2007 and was untimely. On appeal, this court disagreed and remanded with instructions for the district court to determine which, if any, of Kelly's allegations related to or grew out of the allegations in the timely-filed 2003 charge.

3

On remand, D&B again moved for summary judgment. The magistrate judge determined that the only timely claims of discrimination were those alleging that three coworkers were treated more favorably, and that D&B retaliated against Kelly by issuing the 2003 warning letter and delaying payment for Kelly's unused vacation time, pension, and retirement benefits. Addressing the merits of the discrimination claims, the magistrate judge concluded that Kelly could not show that any of the identified employees were similarly situated comparators because they had different responsibilities or supervisors. Addressing the retaliation claims, the magistrate judge found that Kelly could not establish a *prima facie* case based on the warning letter, as Kelly could not have had an objectively reasonable belief that his January 2003 comments in response to his 2002 annual review were statutorily protected, and there was no causal connection between his comments and the warning letter five months later. With respect to the withholding-of-benefits claim, the magistrate judge concluded that Kelly had abandoned it, but alternatively, there was no causal connection because Kelly's supervisors were not responsible for handling his benefits. Finally, although the magistrate judge found that Kelly's claim for retaliatory termination was untimely, the magistrate judge nevertheless concluded that Kelly failed to establish a *prima facie* case of retaliation and he could not rebut all of D&B's legitimate non-discriminatory reasons for firing him. Accordingly, the magistrate judge recommended granting

4

D&B's motion for summary judgment. The district court adopted the magistrate judge's recommendation, over Kelly's objections, and granted summary judgment to D&B.

II. Issues on Appeal

On appeal, Kelly challenges the district court's determination that many of his claims were untimely and did not relate back to or grow out of the 2003 EEOC charge; that the district court erroneously concluded that he failed to raise wage discrimination and hostile-work-environment claims sufficiently in his 2003 charge, and that he suffered a retaliatory hostile work environment. Finally, he challenges the district court's grant of summary judgment on the merits.

III. Discussion

We review a district court's grant of summary judgment *de novo*, viewing all evidence, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1161 (11th Cir. 2006); *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Both Title VII and the ADEA require that a plaintiff exhaust all available administrative remedies prior to filing a lawsuit. *Bost v. Fed. Express Corp.*, 372

5

F.3d 1233, 1238 (11th Cir. 2004) (ADEA requirement); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII requirement).  In Georgia, a charge of discrimination must be filed within 180 days after the alleged unlawful practice.  *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2004); 29 U.S.C. § 626(d)(1)(A); 42 U.S.C. § 2000e-5(e)(1).  The 180-day clock begins running at the time the employee receives notice of the subject adverse employment action.  *Wright v. AmSouth Bancorp.*, 320 F.3d 1198, 1201-02 (11th Cir. 2003) (ADEA); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (Title VII).

A charge of discrimination is considered filed upon receipt, but a petitioner may amend it in order to clarify and/or amplify the allegations made therein.  29 C.F.R. §§ 1601.12(b), 13(a) (Title VII), 1626.8(c) (ADEA).  Amendments that allege additional acts that constitute unlawful employment actions related to or growing out of the subject matter of the original charge relate back to the date the charge was first received.  *Id.* §§ 1601.12(b) (Title VII),  1626.8(c) (ADEA).

Although a plaintiff must exhaust his claims prior to seeking judicial review, the failure to make specific factual allegations in a charge does not necessarily preclude judicial review of those allegations.  *See Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (holding that a charge of retaliation was not administratively barred despite plaintiff's failure to check the box marked

"retaliation" on the EEOC charge form when the facts stated in the charge could reasonably be extended to encompass a claim for retaliation).  A plaintiff's judicial complaint is, however, limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination.  *Id*.  The scope of an EEOC complaint should not be strictly interpreted, and we are "extremely reluctant" to allow procedural technicalities to bar discrimination claims.  *Id*. (internal quotation marks omitted).  Judicial claims that amplify, clarify, or more clearly focus earlier EEOC complaints are appropriate.  *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980).[2]  The proper inquiry is whether the complaint is like or related to, or grew out of, the allegations contained in the relevant charge. *Gregory*, 355 F.3d at 1280.

On the other hand, allegations of new acts of discrimination that are offered as the essential basis for requested judicial review are not appropriate absent prior EEOC consideration.  *Ray*, 626 F.2d at 443.  Discrete acts of discrimination, such as termination or failure to promote, that occur after the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for a judicial finding of discriminatory conduct.  *Id*. at 442; *see also  Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114  (2002).  But a charge alleging a

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

hostile work environment will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the relevant time period. *Id.* at 120-21.

A. Timeliness of Claims

In his complaint, Kelly alleged multiple instances of discrimination and retaliation, and asserted that he suffered a hostile work environment in retaliation for his protests in January 2003. The magistrate judge concluded that most of Kelly's claims were untimely, and that Kelly failed to provide any facts supporting his allegations of wage discrimination and hostile work environment.[3]

The 2003 EEOC charge forms the basis of our analysis, and in order to be timely, claims must have been raised in that charge, or relate to, or grow out of, that charge. *Gregory*, 355 F.3d at 1280. Upon review of the record, we conclude that the magistrate judge properly determined the timeliness of Kelly's claims and correctly assessed those claims that could be expected to grow out of the 2003 charge. We therefore, adopt the magistrate judge's thorough analysis on this issue, with one exception. The magistrate judge rejected Kelly's hostile-work-environment claim without further discussion, finding that Kelly had not

---

[3] Kelly does not challenge the district court's conclusions regarding his claims for harassment, disability discrimination, or post-termination benefits. Thus, has abandoned these issues. *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012).

sufficiently addressed this claim in his EEOC charge.[4]  We disagree.   In his 2003

charge, Kelly alleged that he suffered a hostile work environment, and he provided

sufficient facts for the EEOC to investigate this claim.

### B. Hostile environment claim

To establish a hostile work environment under Title VII, the plaintiff must

show that "the workplace is permeated with discriminatory intimidation, ridicule,

and insult, that is sufficiently severe or pervasive to alter the conditions of the

victim's employment and create an abusive working environment. . . ."  *Harris v.*

*Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citation and internal quotation marks

omitted); *see also Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th

Cir. 2002).  The requirement that the harassment be "severe or pervasive" contains

an objective and a subjective component, "[t]hus, to be actionable, this behavior

must result in both an environment that a reasonable person would find hostile or

abusive and an environment that the victim subjectively perceive[s] . . . to be

abusive."  *Miller*, 277 F.3d at 1276 (internal quotation marks omitted).  "[W]hether

an environment is 'hostile' or 'abusive' can be determined only by looking at all

the circumstances."  *Harris*, 510 U.S. at 23.  But discrete acts, such as termination

or the failure to promote, cannot alone form the basis of a hostile-work-

---

[4]  We need not address whether Kelly identified sufficient facts to preserve his claim for wage discrimination.  In his objections to the magistrate judge's report, Kelly explained that his wages claim related to the "spoon feeding" of accounts to Gillis.  The magistrate judge considered this claim on its merits.

9

environment claim.  *See McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008) (noting that a hostile-work-environment claim addresses the cumulative nature of the conduct and not the specific discrete act (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117)); *see also Gowski v. Peake*, 682 F.3d 1299 (11th Cir. 2012) (explaining that discrete acts, although not a basis for a hostile-work-environment claim, may be taken into consideration in evaluating such a claim).

Kelly alleged a discriminatory hostile-work-environment claim in his 2003 charge, he raised it in his complaint, and he objected to the magistrate judge's findings on this issue.  But he does not argue on appeal that the district court erred in finding this claim untimely.  Thus, he has abandoned this issue.  *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012).  Kelly does, however, make an argument on appeal that the actions he suffered constituted a *retaliatory* hostile work environment.

Kelly explicitly raised the retaliatory hostile-work-environment issue in his objections to the magistrate judge's report.[5]  To survive summary judgment on this claim, Kelly must show that he suffered a hostile work environment in retaliation for engaging in protected activity.  *See Gowski*, 682 F.3d at 1311-12.  After the

---

[5]  We note that in his appellate brief, Kelly uses "hostile work environment" and "retaliatory hostile work environment" interchangeably.  But it appears that prior to the appeal, he considered these to be two different causes of action.  As Kelly explains in his reply brief on appeal,  he could not have raised the retaliatory hostile work environment until his objections because the Eleventh Circuit did not recognize such a claim before then. Thus, Kelly did not intend for his prior use of the term "hostile work environment" to include retaliatory hostile-work-environment claims.

district court considered Kelly's objections, it adopted the magistrate judge's report without further discussion, and the magistrate judge never addressed this specific issue. *See, e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that district courts have the discretion to consider issues raised for the first time in objections to a magistrate judge's report). Thus, we have no factual or legal analysis for appellate review. Accordingly, we vacate and remand for further proceedings on this issue.

### C. Merits of the remaining discrimination and retaliation claims

Finally, the magistrate judge reached the merits of whether the three comparators were treated more favorably than Kelly, and whether Kelly suffered retaliation when he received a warning letter.[6] Having conducted a thorough review of the record, we agree with the magistrate judge's well-reasoned opinion concerning the merits of these claims and thus adopt it as the opinion of this court.

Accordingly, for the foregoing reasons, we affirm the district court in part and vacate and remand in part for the district court to address Kelly's retaliatory hostile-work-environment claims consistent with this opinion.

**AFFIRMED in part, VACATED and REMANDED in part.**

---

[6] The magistrate judge also found that Kelly failed to establish retaliation in connection with his pension benefits and unused vacation time. Kelly offers no argument on this issue on appeal and has abandoned it. *Holland*, 677 F.3d at 1066.

11