**Eloise EDMONDS, Plaintiff,**

v.

**SOUTHWIRE COMPANY, Defendant.**

**Civil Action No. 3:14–cv–00032–TCB–RGV.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed Nov. 10, 2014.

Eloise Edmonds, Carrollton, GA, pro se.

Jason Scott McCarter, Katherine Marie Smallwood, Sutherland Asbill & Brennan, LLP, Atlanta, GA, for Defendant.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This case comes before the Court on Magistrate Judge Russell G. Vineyard's report and recommendation (the "R & R") [10], Plaintiff Eloise Edmonds's objections to and motion for reconsideration of the R & R[15], and Defendant's motion to dismiss the complaint [12].

■ A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R & R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir.1982)).[1] This review may take different forms, however, depending on whether there are objections to the R & R. The district judge must "make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed.Appx. 781, 784 (11th Cir.2006).[2]

■ "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n. 8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir.2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir.2000)).

After conducting a complete and careful review of the R & R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*

---

1. The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles* ).

2. *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S.

140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1373–74 (N.D.Ga.2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir.1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

*v. Wainwright,* 681 F.2d 732, 732 (11th Cir.1982). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R & R and agrees with Judge Vineyard's analysis and conclusions. However, as set forth below, by virtue of developments in the case since its filing, the R & R is rejected as moot and the case will be dismissed.

## I. Background

On March 19, 2014, Edmonds, proceeding *pro se,* filed this action against Southwire for wrongful termination, discrimination, and retaliation, among other claims. Edmonds had 120 days, or until July 17, to effect service on Southwire. On July 23, when no proof of service had yet been filed, Judge Vineyard issued an order directing Edmonds to show cause why her complaint should not be dismissed for failure to effect service. *See* FED. R. CIV. P. 4(m); LR 41.2B, NDGa. Edmonds appeared before Judge Vineyard on July 30, at which time he granted her a thirty-day extension of time to effect service of process. On August 11, a summons was issued by the Clerk, on August 13 Edmonds purportedly served Southwire, and on August 19, she filed a document entitled "Certificate of Service." But the document is not in fact a certificate of service,

it is a discovery request. As of September 3, the docket still did not include any filings that could reasonably be construed as proof of service of process upon Southwire. For that reason, on September 3, Judge Vineyard issued an R & R recommending that the complaint be dismissed without prejudice.

Contemporaneous with the issuance of the R & R by Judge Vineyard, Southwire filed a motion to dismiss. Southwire argues in its motion that Edmonds's sprawling complaint, which is comprised principally of her *pro se* employment discrimination complaint form, her Equal Employment Opportunity Commission ("EEOC") charge, and a host of related summaries and doctors' notes, fails to state a claim upon which relief can be granted. Notably, Southwire's motion admits that it was served with process. [12–1], p. 5 n. 2 ("[T]he Complaint Plaintiff filed with the Court [Dkt. 3] differs from the Complaint Plaintiff served on Southwire. Specifically, the Complaint Plaintiff served includes....").

It is undisputed that Edmonds failed to file a proper certificate of service with the Clerk prior to the deadline imposed by Judge Vineyard. His recommendation that the case be dismissed was therefore appropriate.[3] However, it is also clear that Edmonds did in fact serve Southwire; Southwire has admitted as much.[4]

---

**3.** "Where, as here, plaintiffs failed to serve [Defendant] properly within the one hundred twenty-day period allotted under the Federal Rules of Civil Procedure, the court—on motion or on its own initiative after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Anderson v. Dunbar Armored, Inc.,* 678 F.Supp.2d 1280, 1296 (N.D.Ga.2009) (*quoting* FED.R.CIV.P. 4(m)); *Moore v. Vernon,* No. CV 07–4368–CJC

(MLG), 2008 WL 2037284, at *2 (C.D.Cal. May 9, 2008), adopted at *1 ("Courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute.") (citing FED.R.CIV.P. 41(b)).

**4.** Edmonds has made multiple filings with the Court since the issuance of Judge Vineyard's R & R, many of which are styled as objections to the R & R. On September 8, Edmonds provided the Court with a copy of a document purporting to be a certificate of service, dated August 13, 2014, signed by Sharon D. Clark (Edmonds's sister who it appears served

■ Although *pro se* status does not excuse a plaintiff's failure to effect service, it may provide grounds for leniency. Likewise, where a defendant has admitted to service, has filed a responsive pleading, does not aver in its response that it was improperly served, and will not suffer prejudice by allowing the case to proceed, the Court may exercise its discretion in retaining jurisdiction. *See* FED R. CIV. P. 12(h); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed.1990) (the defense of insufficiency of process may be waived if not raised in a responsive pleading); *see generally Benjamin v. Grosnick*, 999 F.2d 590 (1st Cir.1993) (plaintiff showed good cause and dismissal was reversed where plaintiff had reason to believe he had properly served defendant, defendant waited more than four months to alert plaintiffs of any defect, and the defect did not prejudice defendant). If this case were dismissed without prejudice, Edmonds could re-file and Southwire would likely end up in the same place it finds itself now. Having concluded that Southwire was in fact served with process in August 2013, before the deadline imposed by Judge Vineyard, the Court will exercise its discretion to retain jurisdiction over this matter and will rule on Southwire's motion to dismiss.

## II. Discussion

### A. Legal Standard

A claim will be dismissed under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir.

2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citation omitted); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir.2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. And while all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir.2011), the court need not accept as true plaintiff's legal conclusions, including those couched as factual allegations, *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in the complaint that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and … determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. 1937. As it must on a motion to dismiss, the Court accepts the facts as alleged in the complaint.

As an initial matter, the Court notes that despite the fact that it considers docu-

Southwire with summons and a copy of the complaint) and J. Oliver (a Southwire repre-

sentative).

ments outside the pleadings, the Court need not convert Southwire's motion to dismiss to one for summary judgment. Typically, "[w]hen a court considers matters outside of the pleadings in a [Rule] 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment." *Johnson v. Unique Vacations, Inc.,* 498 Fed.Appx. 892, 894 (11th Cir.2012); *see also Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1267 (11th Cir.2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.").

■ But conversion is not always required. In ruling on a motion to dismiss, the district court may consider an extrinsic document if (1) it is central to the plaintiff's claim, and (2) its authenticity is not challenged. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir.2010). Further, "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute." *Harris v. Ivax Corp.,* 182 F.3d 799, 802 n. 2 (11th Cir. 1999).

Here, because Edmonds is proceeding *pro se,* her formal complaint form is accompanied by a number of documents that are central to her claims, including her filings with the EEOC and detailed summaries of the facts supporting her allegations against Southwire.[5] Further, as part of its motion to dismiss, Southwire attached as Exhibit A all documents served, including the formal complaint form, EEOC documentation,[6] the separation notice issued by Southwire, detailed summaries of Edmonds's claims and three doctors' notes.

Neither party appears to dispute the authenticity of these documents. Instead, Southwire disputes whether they are legally sufficient to state a claim for relief. The Court therefore holds that it may consider these documents without converting Edmonds's motion to dismiss into a motion for summary judgment.

**B. Analysis**

At the outset, the Court notes that Edmonds has failed to respond to Southwire's motion to dismiss. Under Local Rule 7.1B, "[f]ailure to file a response shall indicate that there is no opposition to the motion." *See Magluta v. Samples,* 162 F.3d 662, 664–65 (11th Cir.1998) (noting that this Court can dismiss action under Local Rule 7.1B where party fails to timely respond to motion to dismiss); *Dege v. Nationwide Ins. Co.,* No. 2:08–cv–0026– RWS, 2008 WL 2169702, at *2 (N.D.Ga. May 22, 2008) (stating that absence of any

---

5. The *pro se* employment discrimination complaint form, provided by the Court, specifically requests that plaintiffs who have undertaken administrative action prior to filing a lawsuit attach a copy of the EEOC charge and right-to-sue letter to the complaint form. Likewise, *pro se* plaintiffs are encouraged to attach additional pages, if necessary to describe the "essential facts" their claims.

6. In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading. *See Sessom v.*

*Wellstar Hosp.,* 1:08–cv–2057–TWT, 2009 WL 1562876, *3 n. 1 (N.D.Ga. May 29, 2009) ("The EEOC charge is properly considered on the motion to dismiss because Plaintiff has not disputed its authenticity and refers to it in her Complaint."); *Judkins v. Saint Joseph's Coll. of Me.,* 483 F.Supp.2d 60, 62 (D.Me. 2007) ("EEOC documents are central to Plaintiff's claims of sex and age discrimination."); *Secrist v. Burns Int'l Sec. Servs.,* 926 F.Supp. 823, 825 (E.D.Wis.1996) (examining EEOC charge when determining motion to dismiss).

opposition by plaintiff to defendant's motion to dismiss alone warranted dismissal of plaintiff's action); *Chappell v. Kennestone Hosp.*, No. 1:04–cv–2397–JEC, 2006 WL 2474094, at *2 (N.D.Ga. Aug. 25, 2006) (granting defendants' motion to dismiss pursuant to Local Rule 7.1B because plaintiff never responded to their motion).

Moreover, the Court has reviewed Southwire's motion to dismiss and finds the arguments therein to be well taken. Liberally construing Edmonds's complaint, she appears to allege claims for discrimination, harassment, retaliation, wrongful termination and "cruel and unusual treatment." She fails to allege sufficient facts to support any of these claims.

### i. Discrimination

 As to her discrimination claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), Edmonds fails to establish a prima facie case of discrimination. To state a claim under the ADA, a plaintiff must allege that (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of that disability. *Toland v. AT & T*, 489 Fed. Appx. 318, 319 (11th Cir.2012). Edmonds has failed to assert facts that establish the contours of her supposed disability, nor does she state that she is a qualified individual who could perform her job with or without a reasonable accommodation.[7] The complaint form itself, as well as the numerous documents that accompany it, are vague, scattered and often internally inconsistent. Despite its thorough review of all of the documentation provided, the Court is unable to construe a valid discrimination claim.

Edmonds does not state the nature of her disability; one doctor's note attached to her complaint and dated August 27, 2013 (days before she attempted to return to work) simply recommends that she be permitted to "sit for 15–20 minutes three times during a 12–hour shift," though elsewhere she describes her limitations as "no lifting over 50pds not excessive bending, and twisting, weakness of my back." Beyond this, Edmonds fails to state what her restrictions were when she aimed to return in September 2013. And she makes no claim that she could perform her job with or without reasonable accommodations at that time. In fact, she states clearly in her EEOC complaint that her disability "prevents me from doing my job" as she cannot climb ladders and pull wire, two essential functions of her role at Southwire.

### ii. Wrongful Termination

 Edmonds also fails to state a claim for wrongful termination, given that her employment with Southwire appears to have been on an at-will basis. *See Fink v. Dodd*, 286 Ga.App. 363, 649 S.E.2d 359, 362 (2007) (at-will employees may not state a claim for wrongful termination, and dismissal of complaint is appropriate where plaintiff does not allege facts establishing an enforceable employment contract and fails to establish that she is anything other than an at-will employee).

### iii. Retaliation

 Edmonds's claim of retaliation appears to be based on the fact that she

---

**7.** "A "qualified individual" is someone with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires ... If a disabled individual is unable to perform an essential function of the job even with a reasonable accommodation, he is not a "qualified individual" and cannot establish a prima facie case under the ADA." *Toland*, 489 Fed.Appx. at 319.

filed a complaint with the EEOC in 2009.[8] Sometime after the filing of the 2009 EEOC complaint, she states that she "was promoted to an all male work area." A promotion to an all male work area does not constitute adverse employment action. Even if Edmonds's move to the all male work area was in fact a lateral move, she certainly makes no allegation that it was a demotion in any sense, and the Court cannot conclude that Southwire took adverse action against her. Elsewhere in the documentation attached to the complaint, she alleges that in August 2012 she served a "one day suspension for running wire that was not mine." But the passage of nearly three years between the filing of a 2009 EEOC complaint and any allege suspension for workplace conduct is far too attenuated to establish a causal connection. *Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir.2004) (three-month delay between protected expression and adverse action too protracted to allow for reasonable inference of causal relation).

 Edmonds's allegations do not support a finding of retaliation. And in any event, these claims are time-barred. To the extent that Edmonds alleges that Southwire retaliated against her in 2009 or 2012 following the filing of an EEOC complaint, her failure to pursue timely action with the EEOC bars her claims in this Court. *Kelly v. Dun & Bradstreet, Inc.*, 557 Fed.Appx. 896, 898 (11th Cir.2014) (plaintiff must exhaust all available administrative remedies prior to filing a lawsuit; in Georgia, charges of discrimination and retaliation must be filed within 180 days of the alleged unlawful practice) (citing *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir.2003); 42 U.S.C. § 2000e–5(e)(1)).

### iv. Harassment

Edmonds also appears to claim that she was harassed at the workplace; the Court construes this claim as alleging a hostile work environment. Edmonds states—in a conclusory fashion and without explanation—that she was shown "grave disrespect," that her "presence was not wanted nor respected" and describes an altercation with a coworker in which she was cursed at when she told him to "shut up talking to me." [9] Edmonds also states that her urine was tested on a number of occasions in 2009 and despite the fact that all tests were "clean," this constituted "undue harassment."

 Even assuming that hostile work environment claims are cognizable under the ADA, *see Gilliard v. Ga. Dept. of Corr.*, 500 Fed.Appx. 860, 870 (11th Cir. 2012) (assuming without deciding such even considering Edmonds's complaint as alleging hostile work environment, her complaint fails to state a claim. She does not state that she belongs to a protected group, that the alleged harassment was based on some protected characteristic, that the harassment was sufficiently severe or pervasive to create a discriminatorily abusive working environment, or that Southwire is responsible for such environment under a theory of vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (plaintiff must establish these elements, among others, to state a hostile work environment claim).

---

8. Edmonds does not argue that her 2013 termination was retaliatory, nor could she successfully make such an allegation. The action before the Court is based on her October 2013 EEOC filing, a filing that she made *after* her employment was terminated. That is, her 2013 EEOC complaint could not possibly be the basis of a retaliation claim.

9. Edmonds states that a co-worker said, "I ain't did a dam[n] thing to you" and on another occasion told her that he started a machine because "[Edmonds] had not ran the dam[n] thing in a year." The Court has sincere doubts as to whether behavior of this kind could rise to the level of harassment, but

claims are cognizable), Edmonds did not report any harassment or evidence of a hostile work environment when she filed her complaint with the EEOC and thus failed to exhaust her administrative remedies as to these claims. *See Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir.2001) (citing 42 U.S.C. § 2000e–5(b)(2004)) (plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC before filing a complaint in federal court). Edmonds's EEOC charge alleges that she was denied accommodation and fired by Southwire. It makes no mention of a hostile workplace or any related harassment. Although this Circuit liberally construes EEOC charges that are prepared without the assistance of counsel, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge...." *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1280 (11th Cir.2004). Edmonds's EEOC intake questionnaire alleges disability discrimination and makes passing reference to retaliation for filing an EEOC complaint in 2009. No investigation into Edmonds's questionnaire and EEOC charge would have reasonably revealed additional and unrelated "harassment" claims. A claim for harassment does not fall within nor was it even suggested by the relevant EEOC documentation. *See Hillemann v. Univ. of Central Fla.,* 167 Fed.Appx. 747, 749 (11th Cir.2006) (explaining that where EEOC charge is silent as to certain claims and those claims cannot reasonably be expected to grow out of an EEOC investigation, they are procedurally barred).

Even were the Court to assume that Edmonds's hostile work environment claim was within the otherwise narrow scope of her EEOC charge, Edmonds did not file her EEOC complaint until October 2013, more than a year after any of the incidents about which she complains.[10] *Watson,* 324 F.3d at 1258 (EEOC charge must be filed within 180 days of the alleged unlawful employment action in order to be considered timely).

Finally, Edmonds's purported claim of cruel and unusual treatment is not legally cognizable and is due to be dismissed.

### III. Conclusion

For the foregoing reasons, Judge Vineyard's R & R[10] is rejected as moot and Southwire's motion to dismiss [12] is granted. The Clerk is directed to close this case.

---

**10.** The events Edmonds points to as evidence of harassment appear to have occurred as early as June 2009 (repeated urine sampling) and as late as August 2012 (altercations with co-workers). Edmonds's intake questionnaire and complaint filed with the EEOC is dated October 15, 2013.