[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12112
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23210-JEM


SEAN SALLEY,

Plaintiff-Appellant,

versus

OFFICER TERRY GOLDSTON,
OFFICER PATRICIA NOGUES,
Miami-Dade Police Department,
in their individual and official capacity,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 27, 2018)

Before JULIE CARNES, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Sean Salley, a state prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against defendants Terry Goldston and Patricia Nogues, who are both officers with the Miami-Dade Police Department (collectively referred to as "Defendants").[1]  The district court *sua sponte* dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim.  On appeal, Plaintiff argues that the district court erred by dismissing his complaint because he was entitled to equitable tolling.  He also challenges the court's dismissal without first permitting him leave to amend.  After careful review, we affirm.

## I.    BACKGROUND

### A.    Facts

According to the complaint, on the evening of July 15, 2001, Plaintiff was arrested pursuant to a defective arrest affidavit signed by Defendant Goldston, which charged Plaintiff with three counts of first-degree murder under Florida Statute § 782.04.  Goldston later questioned Plaintiff without advising him of his *Miranda*[2] rights and without the presence of an attorney.

The next day, July 16, 2001, Defendant Nogues swore before a state judge in Florida that Plaintiff was a fugitive and had been charged in New York with

---

[1]  Plaintiff's complaint also listed Edyth Gareer, a clerk at the Ruvin Circuit and County Courthouse in Florida, as a defendant.  However, Plaintiff does not make any specific allegations against Gareer in his complaint and she was not docketed as a defendant in this appeal.

[2]  *Miranda v. Arizona*, 384 U.S. 436 (1966).

intentional murder.  Nogues also signed an affidavit of probable cause and filed it with the clerk's office.  Defendant was subsequently arraigned in Florida on three counts of first-degree murder under § 782.04, but those charges were later invalidated.

On July 26, 2001, Nogues persuaded Plaintiff to sign a waiver of extradition related to the intentional murder charge in New York.  Plaintiff was later extradited to New York on August 2, 2001, even though no formal charges were ever lodged against him in New York.

In 2010, Plaintiff's case was featured on a television show, and at that point, Plaintiff alleges he learned for the first time that the State of Florida had relied on fraudulent information to deceive him into signing the waiver of extradition. Plaintiff thereafter received copies of his arrest affidavit, the affidavit of probable cause, the warrant of arrest, and the waiver of extradition from the Florida court. Upon reviewing the arrest warrant—which had served as the basis for his arrest and detention in Florida—Plaintiff realized that the warrant lacked a judicial signature.

Plaintiff further alleged that he was subjected to excessive use of force when he was attacked by a police dog during his 2001 arrest in Florida and that he did not receive proper medical care following this dog attack.

### B.    Procedural History

In July 2016, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants alleging that he was unlawfully arrested and extradited to New York in violation of his Fourth and Fourteenth Amendment rights.

A magistrate judge issued a Report and Recommendation ("R&R"), recommending dismissal of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e) because it was barred by the statute of limitations.  Specifically, the incidents giving rise to Plaintiff's allegations occurred in 2001, but Plaintiff did not file his complaint until 2016, which was well beyond the four-year statute of limitations.  The magistrate judge further determined that Plaintiff was not entitled to equitable tolling and that any amendment to his complaint would be futile.

The district court adopted the R&R and dismissed Plaintiff's complaint pursuant to §§ 1915A and 1915(e).  This appeal followed.[3]

## II.    DISCUSSION

We review *de novo* the district court's *sua sponte* dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), viewing all allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107,

---

[3]  We construed Plaintiff's motion for leave to proceed *in forma pauperis* as a notice of appeal.

4

1110 (11th Cir. 2006) (addressing § 1915A); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (addressing § 1915(e)(2)).[4]

Pursuant to 28 U.S.C. § 1915A, a court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint if it fails to state a claim. *Id.* § 1915A(b). Similarly, § 1915(e)(2)(B), which governs *in forma pauperis* complaints, provides in relevant part that an action shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The statute of limitations for a § 1983 claim is governed by the statute of limitations for a personal injury case in the state where the cause of action arose,

---

[4] We note that Plaintiff did not file any formal objections to the R&R. He did, however, file a notice of appeal related to the R&R, in which he challenged the magistrate judge's determination that his complaint was barred by the statute of limitations and that he was not entitled to equitable tolling. We liberally construe Plaintiff's *pro se* notice of appeal as an objection to the R&R and afford his claims full review on appeal. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *Cf.* 11th Cir. R. 3-1 (explaining that a party who fails to object to the magistrate judge's R&R waives the right to challenge unobjected-to factual and legal conclusions on appeal, but even absent an objection, this Court may review an argument on appeal for plain error "if necessary in the interests of justice"). Nonetheless, Plaintiff's claims lack merit regardless of the standard of review.

5

which in this case is Florida.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Personal injury actions in Florida have a four-year statute of limitations.  *See* Fla. Stat. § 95.11(3).  The statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996) (quotations omitted).

The district court properly determined that Plaintiff's § 1983 claims were barred by the statute of limitations.  Plaintiff alleged that the actions giving rise to his § 1983 claims occurred in 2001.  Because his claims accrued in 2001, he should have filed his complaint by 2005.  *See Rozar*, 85 F.3d at 561–62.  Plaintiff, however, did not file his § 1983 complaint until 2016, which was more than ten years after the statute of limitations expired.  Even if it is true that Plaintiff did not learn about the Defendants' alleged fraudulent actions until 2010, as he claims, he still would have needed to file the § 1983 complaint by 2014.  He clearly missed that deadline.  *Id.*

Plaintiff argues that he is entitled to equitable tolling based on the Defendants' actions in falsifying charges against him and failing to disclose relevant information, documents, and evidence.  To warrant equitable tolling, a party must generally prove that he pursued his rights diligently and that extraordinary circumstances prevented him from filing a timely complaint.

*Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc).  Plaintiff has not met his burden, as he has failed to explain how the Defendants' alleged misconduct in 2001 prevented him from filing a timely complaint during the four-year period between 2010 and 2014, when he was admittedly on notice of the acts on which he bases his lawsuit.  Indeed, Plaintiff offers no explanation why he waited approximately six years to file the present lawsuit.  For that reason, Plaintiff has failed to establish that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his complaint.  *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Equitable tolling 'is an extraordinary remedy which should be extended only sparingly.'").

Finally, the district court did not abuse its discretion by dismissing Plaintiff's complaint without first granting him leave to amend.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (reviewing the district court's denial of a motion for leave to amend for an abuse of discretion).  To the extent any amendment would have been based on the same allegations and claims, leave to amend would have been futile because those claims would still be barred by the statute of limitations.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment

for the defendant."); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)

(stating that a district court need not permit leave to amend if amendment would be

futile).

Accordingly, we affirm the district court's dismissal of Plaintiff's complaint.

**AFFIRMED.**

8